(48 South. 279.)

No. 17,091.

GOLDSMITH v. VIRGIN.

(Jan. 18, 1909.)

1. PLEADING (§ 228*)—EXCEPTIONS—NO CAUSE OF ACTION.

An exception of "no cause of action" is separate and distinct from an exception of "vagueness and insufficiency of allegations." An exception of "no cause of action," if sustained, will bring about a dismissal of the suit; while an exception of "vagueness and insufficiency of allegation" will, if sustained, result in an order to the plaintiff to amend his pleadings and make them more definite.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 228.*]

2. PLEADING (§ 228*)—EXCEPTION—NO CAUSE OF ACTION.

On an exception of no cause of action, the allegations of the petition are to be taken as true. If, on the assumption that on trial of the case plaintiff has established all the allegations of his petition by proof, an application of the law invoked by him to those facts would entitle him to a judgment, it cannot be said that his petition discloses "no cause of action," though it be faulty for vagueness.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 586, 590; Dec. Dig. § 228.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Mary Goldsmith against U. J. Virgin. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Benjamin Rice Forman, for appellant. Merrick & Lewis, for appellee.

NICHOLLS, J. The plaintiff appeals from a judgment dismissing her demand upon an exception of no cause of action. The petition filed by her contained the following allegations:

"That U. J. Virgin owes to her $2,162, because, on the 17th of August, 1906, the said U. J. Virgin leased to petitioner the premises No. 135 South Rampart street, between Canal and Tulane avenue, from the 1st of September, 1906, to the 31st of August, 1907, as appears by the written instrument filed in No. 83,676, civil district court.

"That it was well known to the said U. J. Virgin that the said property was leased for the purpose of keeping a boarding house and furnished rooms. Both the situation of the property and the use to which it had been previously put was for that purpose, and the fact was well known to U. J. Virgin. That U. J. Virgin guaranteed petitioner against all the vices and defects of the thing, to wit, the property aforesaid, which might prevent its being used, not only against those vices and defects which existed at the time when the lease was made, but those which have arisen since, and was bound, if any loss should result to petitioner from the vices and defects, to indemnify petitioner for the same under article 2695 of the Revised Civil Code.

"That from the 1st of December, 1906, the said leased premises, through vices and defects which arose through no fault of petitioner, or from any cause through which she was responsible, became totally unfit for the purpose for which the property was leased, and entirely uninhabitable, and she was obliged, for fear of the property falling down on her and for fear of her life, to move out, as it became dangerous, and she was realizing at the time a gross revenue of $539 per month, and her total expenses were $326 per month, and her net revenue from the business aforesaid for which she leased the premises was $213 per month, so that her total loss of profits of her business for which U. J. Virgin is bound to indemnify her amounts to $2,162.

"That, besides such loss of profits, her property and furniture in the said building were ruined as follows:

| | |
|---|---|
| One oil painting worth........... | $100 00 |
| Her iron beds were damaged...... | 5 00 |
| Her carpets were damaged amounting to ...................... | 15 00 |
| One room of matting was damaged to amount of ................ | 5 00 |
| | $125 00 |

—and that petitioner has made demand for said damages in vain.

"In view of the premises, petitioner prays that U. J. Virgin be cited to appear and make an answer hereto, and be condemned to pay petitioner the sum of $2,162, with 5 per cent. interest from judicial demand until paid, and for costs and for general relief."

The decisions upon which defendant relies were not rendered on sustaining an exception of "no cause of action," but in cases which were tried on the merits upon their special facts as disclosed by evidence received on the trial.

On an exception of no cause of action, the allegations of the petition are to be taken for true, and, if taken as true, plaintiff could legally recover a judgment on them as prayed for, the exception should be overruled and the parties referred to a trial on the merits for the determination of their respective rights and obligations. The plaintiff in her petition declares upon a contract of lease between herself and the defendant, the time of commencement of the lease is given, also the date of its expiration, and from plaintiff's petition it appears that, when her demand was made, the lease had ended. The thing leased is described. The purpose for which the building was leased is declared to have been known to the lessor. The lessor's warranty obligations under the law are set out. It is declared that during the lease the leased premises, through vices and defects which arose through no fault of the lessee, became totally unfit for the purpose for which the property was leased, and entirely uninhabitable, and she was obliged, for fear of her life, to move out, as it became dangerous. Plaintiff then set out that she was realizing at the time from her business a gross revenue of $539 per month, and her net revenues per month were $213 per month, so that her total loss of profits from her business was $2,162.

In addition to stating her loss from deprivation of profits, she set out her loss from specific articles belonging to her having been ruined, and she states their value, and how much. She likewise declares that she had made amicable demand in vain. If those allegations were true, plaintiff, on proving them to the court, was entitled to a judgment.

Defendant objects that the damages claimed were consequential damages, and the profits demanded are unearned profits; but while consequential damages cannot always be recovered, plaintiff may legally demand that that character of damages "is justly due to her." Code Prac. art. 1. They are legally demandable against the lessee when they, to his knowledge, would be the natural and proximate result of the cause of injury set out, and when in point of fact they have been suffered from that cause. Article 1934, Rev. Civ. Code, par. 1, and article 1943.

Whether, in this particular case, plaintiff on the trial can make good her claim on that score, will depend upon the evidence adduced, but for the purposes of an exception of "no cause of action" we must assume that, under the evidence which she will introduce, plaintiff can make the necessary showing. Defendant objects additionally that unearned profits are not legally demandable. That contention is one not sustainable in law, for article 1934 of the Revised Civil Code expressly declares that damages resulting from a breach of contract are the loss which "he has sustained" and "the profit of which he has been deprived." It may happen in some particular case, on the evidence introduced on the trial, that the profits claimed are too remote, too uncertain or speculative, to furnish the basis for a judgment; but a conclusion to that effect is one to be reached, not by disposing of an exception, but after a trial on the merits and after evidence adduced by the plaintiff in support of her claim. But, says defendant, plaintiff cannot reach the point of introducing evidence in support of her demands, for the reason that defendant can successfully oppose the introduction in support of the same, for the reason that plaintiff in her petition does not specify how her rights accrued, nor set out specifically the time, place, and circumstances under which the damages claimed, arose; in other

words, "show" that she has a cause of action.

It may be that on the trial of this case the plaintiff may meet with opposition to the introduction of testimony in support of her demands, but should this occur it must be based on an exception entirely different from one of "no cause of action." It will have to be under an exception of "vagueness and insufficiency of allegation," which, if found well grounded, will be followed by an order to plaintiff to amend her petition and to make it more specific; whereas, the sustaining of an exception of "no cause of action" would cause the demand to be dismissed as one "not amendable."

The most that can be said by way of objection to plaintiff's petition is that defendant is entitled to know, in a manner more definitely stated than plaintiff has done, the time, place, and circumstances from which and under which the damages alleged to have been sustained by her have arisen. Defendant does not ask that plaintiff amend her petition, but prays that plaintiff's suit be dismissed.

Plaintiff's action is based upon the provisions of articles 2692 and 2695 of the Revised Civil Code.

We very recently, in Lazare Levy v. Madden, 116 La. 378, 40 South. 767, said:

"The causa causans was warranted against by the lessor. We cannot construe article 2700 so as to nullify the lessor's warranty as provided in article 2695."

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and it is now adjudged and decreed that the exception that plaintiff's petition discloses no cause of action be overruled; that this cause be remanded to the district court and reinstated on the docket, and there be proceeded with according to law.