———o———

## 5294.

(Court of Appeal, Parish of Orleans.)

# REIMANN MANUFACTURING COMPANY, LIMITED vs. E. B. VASQUEZ, ET AL.

1. The method of fixing *individual liability* upon an owner, who has failed to comply with the provisions of Act 134 of 1906, is regulated by the Statute itself, and not by the Articles of the Civil Code, relative to the method to be pursued in order *to preserve the privilege* as against third persons.

2. Failure to serve the owner with a sworn statement, or to record the same in the mortgage office, within forty-five days after the completion of the building, is a matter of defense which need not be anticipated by the petition.

3. Exceptions of no cause of action founded only upon defective pleadings, can not put an end to the controversy, and are not favored when based on mere failure to state "time, place and circumstance."

4. Where the error in the judgment appealed from is attributed largely to loose pleadings on the part of the appellant, he will be taxed with the costs of his appeal even though he succeed therein.

Appeal from the Civil District Court, Division "D."

A. Guilbault, H. W. Robinson, for plaintiff and appellant.

Hoover & Hennessey, for defendant and appellee.

ST. PAUL, J.—Plaintiff, a furnisher of materials, brings this suit against the contractor, and the owner of the building who failed to exact bond, etc., under the terms of Act 134 of 1906.

The owner set up an exception of no cause of action because the petition failed to allege that plaintiff had recorded his claim within forty-five days after the completion of the building, and because the sworn statement served upon him and recorded in the mortgage office was not detailed as required by Article 3272 of the Civil Code.

From a judgment maintaining this exception plaintiff appeals.

Article 3272 C. C. has no application to this controversy. That article refers only to the method to be pursued in recording privileges in order to **preserve** them against third persons. The method of **fixing personal liability upon** an owner is regulated by the provisions of Act 134 of 1906. That act requires only that a "sworn statement" of the claim be served upon the owner and recorded; the act does not require that the statement be **detailed.**

In the case at bar the petition sets forth that plaintiff furnished certain "factory work" under an estimate **approved by the** owner, which materials were accepted and used in the building; that a sworn itemized statement was served on the owner and recorded.

The statement is annexed and shows certain items fully

detailed and one item of "factory work" for which a lump sum of $415.00 is charged.

We think such a statement was sufficient. The petition clearly means that the "factory work" was furnished on **one contract,** of which the owner had full cognizance. For the purpose of holding him **individually liable** it was sufficient that he should have received notice, through the sworn statement served upon him and recorded in the mortgage office, that the amount of the contract was still owing and unpaid.

It is not necessary for the purposes of his case to determine whether such a sworn statement would be sufficient to give and **preserve a privilege** as against third persons.

Of course plaintiff cannot recover under its pleadings without establishing that such a contract was made and that defendant had knowledge of it.

## II.

The petition does not set forth in so many words that the account was served and recorded within forty-five days after the completion of the building, but it does set forth that it was served and recorded "in order to preserve the lien and privilege allowed by law," and the account annexed shows the date of recordation.

It would perhaps have been better to allege, **pro forma** at least that the sworn statement was served within the forty-five days; but the date of the completion of the building is a matter which is **peculiarly within the knowledge of defendant,** and if the service and recordation were not made within forty-five days thereafter it is a matter of **defense** to be set up in the answer, and which plaintiff was not required to anticipate.

And we are all the more inclined to this view because

to maintain an exception of no cause of action founded only on defective pleadings would not put an end to the controversy **(Succ. Heber, 119 La., 1064)**, and the exception is not favored where there is a mere failure to state "time, place and circumstance."

**Goldsmith vs. Virgin, 122 La., 835.**

### III.

But plaintiff's petition is undoubtedly very loosely drawn. Defendant was entitled to know in this suit on what date plaintiff claims to have served him with an attested account and also the items furnished under the contract for "factory work," in order that he might be able to prepare his defense.

This however is a matter which comes up only under the exception of vagueness, which of course was not passed upon in the Court a qua, and hence may not be before us. But we mention it for this reason only, that whilst we think it was over technical to maintain the exception of no cause of action, it was nevertheless plaintiff's own loose pleadings which led thereto and necessitated this appeal. Hence under the discretion allowed us by Act 229 of 1910 we shall tax plaintiff with the costs of this appeal.

It is therefore ordered that the judgment appealed from be reversed and set aside and the case is now remanded to the Court a qua to be proceeded with according to law, the costs of this appeal to be borne by appellant.

April 17th, 1911.

Rehearing refused, May 29th, 1911.