ROBERTS v. DAVIS BROS. LUMBER CO., Limited.

No. 4614.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Elder & Elder, of Ruston, for appellee.

MILLS, Judge.

Hutchinson Bros., Inc., the owners of the southeast quarter of section 20, township 17 North, range 2 West, in Jackson parish, La., on the 30th day of November, 1923, sold all the merchantable timber thereon to the Davis Bros. Lumber Company for a consideration of $750, the purchaser being allowed five years in which to cut and remove the timber, with the right of extension for an additional three years upon the payment of $60 per year. This right of extension was exercised by the purchaser, but it did not remove the timber before the expiration of the contract, as extended, on November 30, 1931. Though no further right of extension was granted in the contract or had been obtained by the purchaser, on the 20th day of October, 1931, it sent to its vendor, Hutchinson Bros., Inc., a check for $60, bearing the indorsement, "to cover timber extension from November 30, 1931, to November 30, 1932, on the following described land; on the SE¼ of Section 20, Twp. 17, R. 2 W., 160 A." The record is silent as to what was done with this check by Hutchinson Bros. After the appointment of J. G. O'Brien as receiver for it, he, on December 4, 1931, cashed the check and listed its proceeds among the assets of the receivership.

On January 15, 1932, Hutchinson Bros., Inc., was adjudicated a bankrupt, J. C. Trichel being appointed trustee. J. G. O'Brien, the receiver appointed by the state court, was ordered by it to, and did turn over to the trustee all the assets of Hutchinson Bros., Inc., including the $60. The receiver was afterwards discharged by the state court after the filing and homologation of his final account, which contained this notation in regard to the check in controversy: "For timber extension in Jackson Parish."

The land involved in this case, appearing upon the bankruptcy schedule as unencumbered, was duly sold by the trustee on the 28th day of March, 1932, to Charles H. Roberts and Sanders Baskin. The deed was not executed until April 19th, following, and was recorded in Jackson parish on the 12th day of May, 1932. Baskin subsequently transferred his interest to Roberts.

On the 15th day of April, 1932, Baskin and Roberts gave to the defendant written notice of its purchase and a warning not to trespass or cut timber on the land, to which communication defendant, through its counsel, replied on May 6th, that it owned the timber by virtue of the extension which it claimed was granted by the receiver, and

would proceed to cut and remove the timber unless legally restrained. On April 29, 1932, the defendant company recorded the check and indorsement, whose legal effect was not enlarged by the ex parte affidavit filed with them. Roberts then filed this suit asserting his ownership of the timber and alleging the threat of defendant to go upon the land and remove it. He asked for an injunction and the recognition of his title. After a hearing on a rule nisi, a preliminary injunction issued. After trial had on the merits, this injunction was perpetuated and judgment rendered overruling a plea of estoppel filed by defendant, and recognizing plaintiff as owner of the timber. From this judgment, defendant has appealed.

The defenses offered to plaintiff's demand are: (1) That the action of the trustee in cashing this check, as indorsed, and accepting its proceeds as the property of Hutchinson Bros., Inc., and his transfer of these proceeds to and the acceptance of them by the trustee in bankruptcy, who continued to retain them, constituted an estoppel against the receiver, the trustee and his vendee, the plaintiff, from questioning the validity and effect of the indorsement on the check as a conveyance of the right to cut the timber on the land described for the period specified; (2) in the event the plea of estoppel should be overruled, that the acceptance and cashing of the check as indorsed by the receiver constituted a valid assignment to defendant of the timber rights as set out in the indorsement.

■ We think it necessary to consider only one of the several objections urged by plaintiff to defendant's plea of estoppel, which is that the unauthorized, illegal, and ultra vires acts of an official whose powers and duties are fixed, defined, and limited by law, cannot operate as an estoppel. We think this position is amply sustained by the following authorities, which hold that those dealing with officers in their official capacity are presumed to know the scope and limit of their authority under the law and cannot avail themselves by a plea of estoppel of any acts of such officers beyond that scope and authority. Slattery v. Heilperin & Leonard, 110 La. 86, 34 So. 139; State v. Jahraus, 117 La. 286, 41 So. 575, 116 Am. St. Rep. 208; Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819; State v. La. Cypress Lbr. Co., 144 La. 559, 80 So. 722; Brown v. St. Bernard Parish School Board, 14 La. App. 460, 131 So. 760; Dillon on Municipal Corporations, § 797; Daviess County v. Dickinson, 117 U. S. 657, 6 S. Ct. 897, 29 L. Ed. 1026.

■ As to the remaining question, the powers of receivers are fixed by law. Their authority to dispose of the assets of a corporation at private sale, independent of the carrying on of its business as a going concern, is fixed by the provisions of Act No. 43 of 1924, which requires the issuance of a rule to the corporation and its creditors, the authorization of the sale by the court, and the fixing by it of its minimum price, terms, and conditions. None of these requirements was complied with by defendant. Therefore, if valid in form, the check could not constitute a legal conveyance of the timber. In Morelock v. Morgan & Bird Gravel Co., 174 La. 680, 141 So. 368, it was held that where the receiver attempted to dispose of the assets of the corporation without complying with these requirements, no sale resulted, title to the property remaining in the receiver.

■ The entry on the final account of the receiver, quoted above, did not convey to the court sufficient notice of the character of the transaction to render its approval of the account a confirmation or ratification of a sale of the timber by the receiver. In fact, we have no doubt, though there is no testimony to that effect, that the receiver, finding the check among the effects of Hutchinson Bros., Inc., considered it merely a payment on a valid extension already granted by an existing contract, and never intended by cashing it to execute a new conveyance. We believe that he considered that he was acting under his duty to collect the assets of the receivership and not under any duty or authority to dispose of them.

■ There is no question that a conveyance of timber is a sale. St. Louis Cypress Co. v. Thibodaux et al., 120 La. 834, 45 So. 742.

It is a sale of an immovable. (Act No. 188 of 1904.)

■ It is true the order appointing the receiver in this case conferred upon him the power to carry on the business of the corporation and to operate same as a going concern. He was ordered to hold, administer, manage, and dispose of the property and income thereof in such manner as the court should direct. There is nothing in the record to show that the corporation was engaged in the business of buying and selling timber. Without an affirmative showing to that effect, we do not think that we can presume that the disposal of its real property would come within the general authority granted a receiver to carry on the business of a corporation as a going concern. We, therefore, are satisfied that this transaction is governed by the provisions of Act No. 43 of 1924.

For the above reasons, we conclude that the judgment appealed from is correct, and it is accordingly affirmed.