## LANIER et al. v. CATAHOULA PARISH SCHOOL BOARD.*
### No. 4806.

Court of Appeal of Louisiana.
Second Circuit.

May 4, 1934.

Thompson & Thompson, of Monroe, for appellants.

Dale, Dale & Dale, of Vidalia, for appellee.

DREW, Judge.

Plaintiffs instituted this suit to have a writ of mandamus issue to the Catahoula parish school board and its superintendent ordering them to execute written contracts with plaintiffs to teach in the schools of Catahoula parish during the school session of 1933–34, also for an order to said school board to rescind and cancel a certain resolution passed by said board which reads as follows: "It was moved by J. I. Randall and seconded by H. D. Bruce not to employ among the public schools of Catahoula Parish during the school session of 1933 and 1934 those teachers, transfer drivers or others who, or whose parents voted against the special school tax on August 29th or those who failed to vote without good cause and if qualified, with the exception of such as may not be living with their parents and who by their votes or morally did support the special school tax."

Defendants filed various pleas and exceptions, including an exception of no cause of action. All of the pleas and exceptions were overruled, except the exception of no cause of action, which was sustained, and plaintiffs' suit dismissed. Plaintiffs have appealed. Defendants did not appeal nor answer the appeal; therefore, the only question before us is that raised by the exception of no cause of action.

Exceptors contend that the petition fails to set forth a cause of action for the reason

*Rehearing denied June 4, 1934.

it does not allege that plaintiffs were elected and employed in the manner provided for in Act No. 100 of 1922. Section 20 of that act provides for the mode of selecting and electing teachers in the public schools of the state in the following language: "The parish school board shall determine the number of schools to be opened, the location of the schoolhouses, the number of teachers to be employed, select such teachers from nominations made by the parish superintendent, provided that a majority of the full membership of the board may elect teachers without the endorsement of the superintendent. The board shall have authority to employ teachers by the month or by the year, and to fix the salaries of the teachers. The board shall see that the provisions of the state school laws are complied with."

Section 49 of said act provides as follows: "No person shall be appointed to teach without a written contract for the scholastic year in which the school is to be taught, and who shall not hold a certificate provided for by this Act of a grade sufficiently high to meet the requirements of the school, and it is made the duty of the parish superintendent of schools to ascertain definitely before contracting with a teacher that such teacher holds a certificate issued by the Louisiana State Board of Education."

Therefore, we find that the parish school board has the exclusive right to appoint, select or elect, and employ by written contract teachers for the public schools of their respective parishes. This authority cannot legally be delegated to any other body, person, or persons. A reading of the above-quoted sections of Act No. 100 of 1922 clearly shows that the parish school board, in order to employ a teacher in the public schools of the parish, must select, elect, or appoint said teacher and enter into a written contract to that effect. Until this is done, there is no employment. The act of employing teachers by said board is a discretionary one. It is not required to employ any particular person. The reason of said board for not employing any particular teacher is not subject to legal inquiry, and it cannot be forced by law to enter into a contract of employment with any particular person.

There is no binding employment on the part of the school board or the teacher until the written contract between them is executed by both parties thereto. Prior to the signing or execution of the contract, either the teacher or school board may withdraw from any former agreement without any rea-son and without liability on the part of either, for the reason that there is no binding contract or agreement until the written contract is executed.

The reasons set out in plaintiffs' petition for the school board's failure to contract with plaintiffs, namely, the resolution quoted above, has been rescinded by the school board, as is admitted by counsel for both plaintiffs and defendant, and is so stated in the written opinion of the district judge. Although this resolution was vicious, contrary to public policy and good morals, as well as being contrary to the very principles of the democratic form of government, in that it was an attempt to prevent free and independent thought and action and to destroy the right and privilege of independent voting, what difference can it make in this case?

The school board had the power, as did the plaintiffs, to refuse to enter into a written contract, which is the only contract of employment of teachers in public schools recognized in our law, without the giving of any reason. Therefore, whether the reason is bad, good, or none given at all, it can make no difference.

The prayer of the petition, which is as follows: "Wherefore, petitioners pray that an alternative writ of mandamus issue herein directed to the Catahoula Parish School Board and to H. W. Wright, Superintendent of the schools of the Parish of Catahoula, directing and commanding the said School Board to cancel, erase, rescind, annul and expunge from the records of said Catahoula Parish School Board the resolution herein referred to and set forth in Par. XV of this petition; and further commanding said School Board and its officials and the Superintendent of Parish Education, H. W. Wright, to prepare and to tender to your petitioners and to each of them a written contract on the part of said School Board, to teach the schools and grades herein named in this petition and at the salaries fixed for such positions by the said School Board, said contract to be in the form and to contain the same provisions as is set forth and contained in contracts submitted to other teachers in the said Parish and said contract to be for the scholastic term of 1933 and 1934 for said parish; and further, to sign, receive, accept and approve said contract when the petitioners shall have signed same, and further, to permit petitioners to enter upon the discharge of their duties as teachers and to carry out their employment as such or to

show cause to the contrary on such day and at such hour as this Honorable Court may fix. For all necessary orders in the premises, general relief, etc.," makes it clear that plaintiffs are attempting by law to compel the parish school board of Catahoula parish to perform acts which are within its discretionary powers, and such an action is not sanctioned by law. But if we should find the execution of the contract was a ministerial duty and subject to be forced by mandamus proceedings, we still find that plaintiffs have failed to state a cause of action.

The articles of plaintiffs' petition which refer to their employment are as follows:

"IX. Petitioners show that under Act No. 100 of 1922, Section 22, known as the Public School Law of Louisiana, the parish school boards of the various parishes are authorized to appoint local school directors for each school in the parish and that said school boards are authorized to prescribe the duties of said local board.

"X. Petitioners aver that the Catahoula Parish School Board has appointed local school directors for each school in said parish and particularly for the schools at Manifest and Harrisonburg and Mount Island, and that it has prescribed the duties of said local board.

"XI. Petitioners show that among the duties conferred by the Catahoula Parish School Board upon the local boards is the duty of recommending and electing teachers for their respective schools and that the said Catahoula Parish School Board, for many years and particularly for the past five years, has accepted and appointed the teachers so recommended by said boards, and are now doing so.

"XII. Petitioners further show that the local board of school directors of the schools at Manifest, Harrisonburg and Mount Island have recommended your petitioners as teachers in the public schools of said parish, —that is to say, they have recommended your petitioner, Sidney E. Lanier, as a teacher in the high school at Manifest in said parish, and Delta Lanier and Alice Rose McGee as primary teachers in the school at Harrisonburg, in said parish, and Annie Taylor at Mount Island.

"XIII. Petitioners further show that each and all of them were employed to teach and actually did teach in the public schools of Catahoula Parish at the last session thereof, and that in accordance with the past policy of said Catahoula Parish School Board and said Superintendent, all of the teachers, including your petitioners, were, prior to September 5th, re-elected and re-employed for the scholastic term of said parish beginning with Monday, September 25, 1933, and were employed to teach for the full and entire term or session of 1933–34. That your petitioner, Sidney E. Lanier, was to receive the salary of $102.00 per month and your petitioners, Delta Lanier, Alice Rose McGee and Annie Taylor, were to receive the salaries of $71.00 per month each.

"XIV. Petitioners further show that the only qualifications for a teacher in the public schools of the State of Louisiana are that such teacher be the holder of a certificate issued by the Louisiana State Board of Education. That it is made the duty of the Superintendent of Parish Schools to ascertain if the teacher possesses this qualification. Petitioners show that they and each of them possess this qualification and possess all other qualifications reasonably required by the State Board of Education and the local Parish Board and that the Superintendent of Schools for the Parish of Catahoula has ascertained that your petitioners and each of them possess the said qualifications, and has employed them as heretofore alleged, to teach in the schools of said Parish. * * *

"XXV. Your petitioner, Alice Rose McGee, alleges that the local directors for the Harrisonburg High School did recommend your petitioner to the Superintendent of Schools and to the Catahoula Parish School Board as a teacher to be employed in the High School at Harrisonburg and that she had theretofore been recommended and employed.

"XXVI. Petitioners show that the Superintendent of Schools and the Catahoula Parish School Board, notwithstanding the fact that they had employed petitioner, Sidney E. Lanier, to teach in the High School at Manifest, Catahoula Parish, Louisiana, for the entire session of 1933–34, at a salary of $102.00 per month, and your petitioner, Delta Lanier, to teach in the primary grades of the Harrisonburg High School at a salary of $71.00 per month for the entire session of 1933–34, and your petitioner, Alice Rose McGee, to teach in the primary grade of the Harrisonburg High School at a salary of $71.00 per month for the entire session of 1933–34, and your petitioner, Annie Taylor, in the primary grade at Mount Island, at $71.00 per month, have refused and now refuse to submit to your petitioners a written contract to so teach, as required by law, and particularly by Act 100 of the Legislature of Louisiana for the year 1922.

"XXVII. Petitioners show that they have taught in the respective grades and work as alleged in this petition and that they have taught in the Parish of Catahoula in said capacities and in said grades for the past three years. That they were reelected, reemployed and employed by the School Board and said Superintendent for the scholastic session of 1933–34, at the salaries mentioned and named in this petition and that they accepted said employment and said positions and so notified the School Board and the said Superintendent of their acceptance.

"XXVIII. That since their reemployment and since their appointment as said teachers as herein alleged and since their acceptance, the said School Board passed and adopted the resolution set forth and described in Par. XV of this petition."

And in article XXIX, plaintiffs set out the reasons the contracts were not executed: "Petitioners further show that the sole and only reason, as is shown by the letter of H. W. Wright, Superintendent of Schools for the Parish of Catahoula, and also by the resolution of the Catahoula Parish School Board, why a written contract has not been submitted to them and to each of them to teach in the capacities and at the places named and designated herein, is, in the case of petitioners Sidney E. Lanier, Delta Lanier and Annie Taylor, that their fathers exercised the right and privilege accorded them by the laws of the State of Louisiana of voting according to the dictates of their consciences upon the proposition submitted to the property taxpayers of Catahoula Parish by the said School Board on August 29, 1933, and to punish your petitioners solely because their fathers exercised, as free and independent men, the rights conferred upon them by the laws of this State. That the only reason that a written contract was not submitted to your petitioner, Alice Rose McGee, was because her father, J. K. McGee, did not go to the polls and vote for the said tax and because he did not participate therein."

All of the above articles of the petition must be read together; the court would not be justified in taking any one of the articles separate and alone in deciding the exception of no cause of action, and when they are read together, it is plain to see that plaintiffs are relying upon an alleged custom which had prevailed in Catahoula parish to substantiate the allegations of employment. The allegations in article XXVIII of the petition, when read with the other articles, contain only conclusions of the pleader, based upon the facts alleged in the previous articles. The facts alleged, upon which the conclusion is based, do not constitute employment by the parish school board of Catahoula parish, which had exclusive authority to employ plaintiffs (section 20, Act No. 100 of 1922) and which was without power to delegate that authority to local boards.

We therefore conclude that the exception of no cause of action was correctly sustained by the lower court, and the judgment is affirmed, with costs.

TALIAFERRO, J., recused.