**165 So. 310**

**JONES et ux. v. VERNON PARISH SCHOOL BOARD.**

**No. 33585.**

Jan. 6, 1936.

A. B. Cavanaugh, of Leesville, for applicant in writ Vernon Parish School Board.

Olin D. Moore, of Many, for respondent in writ Andrew L. Jones.

BRUNOT, Justice.

The plaintiffs are husband and wife. Both were in the employ of the Vernon parish school board, under separate oral contracts. The salary of Andrew L. Jones was $171 per month, and the salary of Mrs. Jones was $85 per month. Both were

2

employed, under their contracts, for the school term of 1933–34. The suit is for 4 months' salary which is alleged to be due the plaintiffs under their respective contracts. The total sum sued for by both plaintiffs is $1,024. The defendant filed two exceptions to the suit. One is an exception of misjoinder of parties plaintiff and causes of action, and the other is an exception of no right or cause of action. Both exceptions were heard and overruled. With a reservation of its rights under its exceptions, the defendant answered the suit and therein put all of the material averments of the petition at issue, except admitting the contracts as set out in the petition and the plaintiffs' employment under said contracts for 4½ months which the defendant avers constituted the full term of the plaintiffs' employment under their contracts.

The case was tried, on the issues presented, and judgment was rendered in favor of the defendant and against the plaintiffs, rejecting their demands at their cost. On appeal to the Court of Appeal, the judgment was reversed in so far as it rejected the demand of Andrew L. Jones, and amended, as to Mrs. Jones, by dismissing her demand as in case of nonsuit. 161 So. 357. On the application of the defendant for a writ of review, the writ was granted, and, in response thereto, the record has been sent up and it is now submitted to us for decision.

The record discloses that the prospective revenues for operating the public schools in Vernon parish for the school term of 1933–34 were not sufficient to operate said

schools for more than 4½ months of said school term. For that reason the prospective revenues were budgeted to meet the operating expenses of the schools for that period of time. At the expiration of that time the school board, in regular session, declared the schools closed, but, in the emergency thus created, the Emergency Relief Administration of the state consented to furnish the necessary funds to operate the schools for 4 additional months, provided they were operated during said months under the rules and regulations prescribed by said Emergency Relief Administration. The Vernon parish school board, by formal resolution, reopened the schools, subject to the conditions imposed by the Emergency Relief Administration. The plaintiffs could not, or did not, qualify as teachers, as required by the rules and regulations of the Emergency Relief Administration, and were not certified as teachers. They were therefore replaced by other teachers for the 4 months the schools were operated with funds furnished by said Emergency Relief Administration.

The relator contends that the Court of Appeal erred in overruling its exceptions of misjoinder and no right or cause of action, mentioned supra, that it erred in holding that a school-teacher can recover upon a contract other than such as is prescribed by section 49 of Act No. 100 of 1922, and that the Court of Appeal erred in holding that the defendant was estopped from urging that it had closed the school term at the expiration of 4½ months, when it thereafter continued the school term for 4

additional months with funds secured, as stated supra, from the Emergency Relief Administration.

When we consider that the plaintiffs had no contract such as the law requires and that the budget appropriation was limited to the maintenance of the public schools for 4½ months and that the schools were reopened thereafter under entirely different conditions, which plaintiffs did not or could not meet, we see no legal justification in holding that the defendant was estopped from submitting those facts in support of its contention that the reopening and continuance of the schools for 4 additional months was the result of conditions nonexistent at the time of plaintiffs' employment and conditions that the plaintiffs did not or could not meet.

Having reached this conclusion on the merits of the case, we see no reason to review the court's rulings upon the two exceptions filed by the defendant. We might say, in passing, that, if we thought it necessary to pass upon the defendant's exception of no right or cause of action, this court, under the circumstances stated supra, would follow the ruling announced in Lanier v. Catahoula Parish School Board (La.App.) 154 So. 469.

For the reasons assigned, the writ issued herein is perpetuated, the judgment of the Court of Appeal is avoided and reversed, and the judgment of the district court is reinstated and made the final judgment of this court, at the respondents' cost.