## BANKSTON v. TANGIPAHOA PARISH SCHOOL BOARD.

### No. 2019.

Court of Appeal of Louisiana. First Circuit.

June 30, 1939.

Rehearing Denied Sept. 5, 1939.

Reid & Reid, of Hammond, for appellant.

Bolivar E. Kemp, Jr., Dist. Atty., of Amite, for appellee.

LeBLANC, J.

In this case the lower court sustained an exception of no cause of action and dismissed the plaintiff's suit. From a judgment so decreeing, plaintiff has appealed.

Plaintiff sues the School Board of Tangipahoa Parish by which he had been formerly employed praying for a mandamus against the Board to have it reinstate him to his position as Principal of the Ward Line Grammar School from which he was dismissed and, in the alternative, for judgment in the sum of $750 as salary due him for the unexpired portion of the school term for which he alleges he had been employed as Principal.

In his petition he sets out his qualifications and alleges that he was employed for the session of 1938–39 at a salary of $125 per month; that he accepted the employment, entered upon his duties on July 11, 1938 and continued performing such duties up to October 7, 1938. He alleges that on October 5, 1938, a letter was written to him by the Superintendent of Schools notifying him that the School Board at a regular session held October 4, 1938 dismissed him as Principal because of his alleged undue activity in a political campaign. He avers further that a check was tendered to him for the month of October which he returned notifying the Superintendent that his dismissal was illegal and on the Monday following his dismissal he presented himself at the schoolhouse, ready

# 178

and willing to perform his duties but was notified by the Superintendent that he would not be permitted to do so.

Annexed to his petition is a letter dated May 18, 1938 addressed to him by the Superintendent of Schools, which, as we understand from the allegations of his petition, plaintiff contends constituted his contract of employment. The pertinent allegation reads as follows: "That on or about the 18th day of May or a few days prior thereto, your petitioner was employed by the Tangipahoa Parish School Board as Principal of the Ward Line Grammar School for the session of 1938–39, at a monthly salary of $125.00 per month, *as more clearly shown by the annexed notification of such employment signed by C. C. Pittman, Superintendent of Schools of said Parish.*" (Italics ours.)

The exception of no cause of action is predicated on plaintiff's failure to have alleged or shown in his petition that he had a written contract of employment with the School Board of Tangipahoa Parish, which, under the law, Sections 20 and 49 of Act 100 of 1922, is specifically required. The exception then resolves itself into the question whether or not plaintiff has sufficiently set out an employment in compliance with the provisions of that statute.

After having carefully considered the authorities we find that they support the defendant's contention that the plaintiff in a case like this has to affirmatively show that he had a written contract duly entered into under the provisions of the school law as embodied in Act 100 of 1922 in order to present a cause of action to the court.

As already stated, plaintiff through his counsel tries to represent that he had such a contract under the letter which is annexed to his petition, but in our opinion this letter falls far short of constituting such a contract as is contemplated under the statute. In the first place, under section 20 of the Act, the School Board itself is charged with the selection of teachers, such selection to be made from nominations presented it by the Parish Superintendent. The Board itself has the authority to employ teachers either by the month or the year and to fix their salaries. Under Section 49 of the Act it is provided that no person shall be appointed to teach without a written contract for the scholastic year in which the school is to be taught, which

contract is to be signed by the Superintendent. It is to be noted that the letter on which plaintiff relies is in the first place purely an offer of a position as plaintiff is therein specifically asked by the Superintendent to let him know if he will accept the position tendered to him. In the second place there is absolutely nothing in the letter itself, nor in plaintiff's petition to indicate that the Superintendent was authorized by the School Board to make the offer therein contained.

Plaintiff also relies on the proposition that the School Board ratified the contract as he accepted the position offered to him by the Superintendent in the said letter, taught school for three months and was paid the salary stipulated therein. In a manner he urges that the School Board is now estopped from questioning that he had a contract as the actions of the Superintendent were ratified by it. By analogy he endeavors to support his argument on this point by referring to the law under which the acts of an agent of a corporation may be ratified and become the contract of the corporation itself. The distinction between acts of a private corporation and those of a public body such as a school board is clearly shown however in the decision of Brown v. St. Bernard Parish School Board, 14 La.App. 460, 131 So. 760, relied on by the district judge. On this point counsel for plaintiff also refers to the case of Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656. That is a case in which an architect was suing for the balance due him for his fees for services rendered the Parish School Board. On an exception of no cause of action it was urged, as here, that plaintiff could not maintain his suit because he had no written contract with the Board. The Supreme Court held however that the School Board was estopped from denying the validity of its contract on the ground that it had already accepted the services rendered by the architect. In other words his services were completed and he had earned the fees, the balance on which he claimed, and the decision of the court was to the effect that the Board could not accept those services and then refuse to pay for them. The difference in that case and the present is that here plaintiff has been paid for all the services rendered by him up to the time of his dismissal and what he is suing the School Board for is strictly on a contract which not only is invalid under the law, but under which he has performed

no further services than what he has been actually paid for.

The case in our opinion is governed by the decisions of Brown v. St. Bernard Parish School Board, previously cited, and Lanier v. Catahoula Parish School Board, La.App., 154 So. 469. The ruling in the latter case has apparently received the approval of the Supreme Court in the case of Jones et ux. v. Vernon Parish School Board, 184 La. 1, 165 So. 310.

We are of the opinion that the exception was properly sustained in the court below and the judgment appealed from is accordingly affirmed.

OTT, Judge (dissenting).

The petition alleges that the plaintiff was *employed* by the *Tangipahoa Parish School Board* on May 18th, or a few days prior thereto, as the principal of the Ward Line School for the session of 1938-9, as is shown by the annexed *notification* sent to him by the Superintendent, Pittman. He does not allege that he was employed by the Superintendent, nor does he allege that the notification which the Superintendent sent him was his contract of employment. In fact, he does not allege whether his contract of employment by the school board was in writing or verbal. He does allege that he taught this school and was paid the salary by the school board from July until October, 1938, and it is not to be presumed that the school board paid him his salary for three months of the scholastic session without a proper contract. Moreover, the petition alleges that plaintiff was informed by the school board on September 2, 1938, during the time he was teaching said school, that, according to the schedule adopted by the school board on Monday, August 29th, his monthly salary would be $125.

Accepting these allegations as true for the purpose of the exception, the petition does allege that his employment was by the school board. Whether or not he had a legal written contract with the school board is a matter of defense. The school board, a few days prior to the date of the letter of the Superintendent of May 18th, could have, by proper resolution, authorized the employment of plaintiff as principal of this school with a salary to be fixed in its regular schedule as was done at its meeting on August 29th. It may well be that the Superintendent was authorized to enter into a written contract with plaintiff for this school as required by Section 49 of Act 100 of 1922.

As plaintiff taught at this school for three months as its principal and was paid therefor by the school board, it is not to be presumed that the school board did not authorize this school to be opened, fix the session thereof, and select the teachers therefor as the board is required to do under Section 20 of Act 100 of 1922. If the school board did not do its duty in this respect, that is a matter of defense to be shown by proper proof.

I agree with the majority opinion that if the plaintiff is relying on the letter containing the offer as principal of this school and plaintiff's acceptance thereof as his contract with the school board, then clearly he has no valid written contract with the school board, but only a contract, if it can be called a contract, with the Superintendent which is not sufficient to bind the school board. Opinions of the Attorney General 1936-1938 p. 773; Brown v. St. Bernard Parish School Board, 14 La.App. 460, 131 So. 760; Lanier v. Catahoula Parish School Board, La.App., 154 So. 469.

An exception of no cause of action should not be sustained where the petition is defective because of an insufficiency of allegations where such allegations can be supplied. An exception of no cause of action is separate and distinct from an exception of vagueness or insufficiency of allegations; where the exception of no cause of action is sustained, the suit is dismissed, while the sustaining of an exception of vagueness will result in an order to the plaintiff to make his allegations more complete. Goldsmith v. Virgin, 122 La. 831, 48 So. 279.

In my opinion, if plaintiff has failed to sufficiently allege a written contract with the school board, he can be required to make his allegations more specific on that point by proper exception and prayer for oyer of his contract, if he can produce a written contract. He may not be able to allege and produce such a contract, but I do not think his demands should be dismissed on an exception of no cause of action.

I therefore respectfully dissent.