HALL, Judge.
In this mandamus suit, the plaintiff school teacher contends she was employed as a guidance counselor by the Jackson Parish School Board and was subsequently discharged without compliance with LSA— R.S. 17:442, which provides that a probationary teacher may be dismissed or discharged by the school board upon the written recommendation of the superintendent of schools, accompanied by valid reasons therefor. The defendants, School Board and its superintendent, concede the statute was not complied with but contend plaintiff was never employed by the School Board and, therefore, acquired no rights under the Teachers’ Tenure Law. After trial the district court held plaintiff was not employed by the School Board and, therefore, was not entitled to the protection of the statute, and denied her demand for a writ of mandamus. Plaintiff appealed. We affirm the judgment of the district court.
Plaintiff, a certified teacher with a Master’s degree plus thirty hours, was employed by the Winn Parish School Board as a teacher and guidance counselor for several years. For personal reasons she decided to resign her position there and sent in a letter of resignation on August 23, 1974.
*683 On that same date she went to the Jackson Parish School Board office to seek employment for the 1974-75 school year. She was interviewed by Samuel L. Ledbet-ter, the superintendent, and by R. W. Crowe, director of guidance, and filled out an application form. On that date there were no openings and she was given no encouragement about employment.
On Monday, August 26, Oleta Haile, a guidance counselor in the school system, resigned. Crowe called plaintiff and advised her of the opening. Plaintiff met with Crowe, Mrs. Haile, Troy Kennedy, who was supervisor of high schools, Dalton Robinson, principal of the high school and Vernon Malone, assistant principal. She was given a folder containing materials ordinarily given to teachers, including one sheet showing her name on the duty roster for a future high school football game. She was given and filled out W-2 and other forms required of new employees. On August 27 and 28, she attended a teachers’ workshop and was introduced by the principal to other faculty members as a new faculty member or probable faculty member. The next morning, August 29, she was introduced in the same manner by the principal to the student body of the high school.
On the evening of August 28, plaintiff’s application was considered by the personnel committee of the School Board with the staff. Based on information discussed by the committee at its meeting, the committee decided not to recommend to the Board that plaintiff be employed.
The next morning, the 29th, the superintendent sent word for plaintiff to come to his office, which she did. The superintendent advised her that the personnel committee of the School Board had rejected her application for employment. When she asked why, he stated it was because of her “relationship with people” or “personal problems”. No further explanation of the reasons was made to her. Shortly thereafter plaintiff filed this action.
The testimony as to what was said in regard to the status of her employment during the course of the three days after she was contacted is in sharp conflict. All of the School Board personnel who were involved (Crowe, Mrs. Haile, Kennedy, Robinson and Malone) testified plaintiff was advised all along that only the School Board could hire her and that her employment would have to be approved by the personnel committee and the Board. Plaintiff testified she was never told any such thing, but was led to believe she was employed. It clearly appears that all concerned were proceeding with the thought that she either was or would be employed. Her credentials and qualifications appeared to be in good order for the position of guidance counselor.
The evidence shows that the policy of the Board, at least for the past two or three years, was that employment of new teachers be done by action of the School Board. The authority to hire was not delegated by the Board to anyone. A three-member personnel committee had been appointed by the President of the Board to screen applicants. The procedure was that the personnel committee, with the staff, reviewed applications and either rejected them or recommended them to the Board for approval. If the personnel committee did not recommend a particular applicant for employment, that application would not be forwarded to the Board for action. If a favorable recommendation was forwarded to the Board, it would, by formal action, then either approve or disapprove employment. If the Board voted to employ, written contracts were signed by new teachers in due course.
In order for plaintiff to be entitled to the protection of the Teachers’ Tenure Law and particularly LSA-R.S. 17:442, plaintiff must be an employee of the school system with the status of probationary teacher. Under the evidence and the law, plaintiff was never employed and did not acquire tenure status.
*684 LSA-R.S. 17:81 provides that “the parish school board” shall select teachers from nominations made by the parish superintendent. LSA-R.S. 17:413 sets forth the “prerequisites for employment” and provides in part that “No person shall be appointed to teach without a written contract for the scholastic year in which the teaching is to be done”.
In State ex rel. Golson v. Winn Parish School Board, 9 So.2d 342 (La.App. 2d Cir. 1942) a teacher who was employed by the superintendent without formal action by the school board and without a written contract and who actually taught for several months, sought reinstatement under the Teachers’ Tenure Law when the school board refused to rehire her for the following school year. In rejecting the teacher’s demands, this court held:
“Therefore, to legally effect employment of a teacher the following requirements precedent must be observed, viz.: The school board makes the selection or election from nomination or nominations by the parish superintendent, or does so on its own initiative by majority vote; the superintendent satisfies himself as regards the qualifications of the teacher thus selected or elected, and this is followed by the execution of written contract by the teacher and the board through its president and secretary or other designated officials.”
In a similar suit, Lanier v. Catahoula Parish School Board, 154 So. 469 (La. App. 2d Cir. 1934) it was held:
“Therefore, we find that the parish school board has the exclusive right to appoint, select or elect, and employ by written contract teachers for the public schools of their respective parishes. This authority cannot legally be delegated to any other body, person, or persons. A reading of the above-quoted sections of Act No. 100 of 1922 clearly. shows that the parish school board, in order to employ a teacher in the public schools of the parish, must select, elect, or appoint said teacher and enter into a written contract to that effect. Until this is done, there is no employment. The act of employing teachers by said board is a discretionary one. It is not required to employ any particular person. The reason of said board for not employing any particular teacher is not subject to legal inquiry, and it cannot be forced by law to enter into a contract of employment with any particular person.
“There is no binding employment on the part of the school board or the teacher until the written contract between them is executed by both parties thereto.”
In Andrews v. Claiborne Parish School Board, 189 So. 355 (La.App. 2d Cir. 1939) this court held:
“The power to employ and discharge teachers has been confided by the Legislature solely to the School Boards of the several parishes of the state. Act No. 100 of 1922; Act No. 58 of 1936. The right to exercise this power may not be delegated. Lanier v. Catahoula Parish School Board, La.App., 154 So. 469.”
The Jackson Parish School Board never considered or acted upon plaintiff’s application for employment and she never signed a written contract. She was never employed by the Board and never acquired tenure status as a probationary teacher. Having never been employed, she was not “dismissed” or “discharged” and it was not necessary that the Board act upon the written recommendations of the superintendent accompanied by valid reasons as required by LSA-R.S. 17:442. Plaintiff is not entitled to be reinstated to a position she never held.
Plaintiff contends there was a de facto employment in that she was led to believe she was employed by persons in positions of authority, she actually commenced performance of the duties of her employment, and the School Board did not, as a regular *685 practice, comply with the requirements of the law in regard to employing new teachers. These contentions are not supported by either the evidence or the law.
The events of the few days between the time plaintiff was contacted about the opening and the time she was advised she would not be hired support a finding that all concerned believed she would be hired — not that she was hired. Although plaintiff may have believed she was officially and legally employed, this belief was not warranted in view of the unequivocal testimony of the School Board personnel that they on several occasions tried to make it clear her employment depended on action of the personnel committee and the Board. Further, the evidence is that the regular policy of the School Board was to employ teachers only by formal action of the Board after screening of the applications by the Board’s personnel committee, which procedure was not deviated from in this case. There was no evidence that the Board, as a matter of recent or current practice, delegated the authority to employ to administrative personnel. Even assuming there could be a de facto employment giving rise to tenure status under extenuating circumstances where the technical requirements of the law have not been met, the evidence does not justify such a finding in this case.
The district court rejected plaintiff’s prayer for compliance with LSA-R.S. 17:442 or for reinstatement, but ordered the Board to consider plaintiff’s application with the recommendations of the superintendent and the personnel committee as soon as practical, if plaintiff desired such action. The defendant School Board did not appeal or answer plaintiff’s appeal and the correctness of this portion of the judgment is not before this court.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff-appellant’s costs.
Affirmed.