### No. 9037.
### Orleans Appeal.

---

**EDMUND HARRIES, Appellant, v. RICHARD J. COURCIER, ET AL.**

(April 27, 1925, Opinion and Decree.)
(May 11, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62, 71, 114.**

Where there is ambiguity as to the real intention of the parties to a written contract sued upon and made part of the petition, exception of no cause of action plainly directed to insufficiency of allegations in pleading, should not be maintained, so as to put an end to the controversy.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

This is a suit on a promissory note coupled with a sequestration of a motor truck. Defendant filed an exception of no cause of action, which was sustained. Plaintiff appealed,

Judgment reversed and case remanded.

Lemle, Moreno & Lemle, attorneys for plaintiff and appellant.

Dart, Kernan & Dart, Leo. L. Dubourg, attorneys for defendant and appellee.

BELL, J. Defendants, Richard I. Courcier and Albert D. Courcier, on December 9, 1920, purchased from Nola Motor Co., Inc., an "Indiana" Truck, for the price of $3,346.17, by act of sale and chattel mortgage. In said act the consideration for said sale is set forth as follows:

"This sale is made and accepted for and in consideration of the price and sum of $3,346.17, which the said purchasers have paid unto the said vendor in the manner following, to-wit: Note of the purchasers dated this day to their own order and by them endorsed payable 60 days after date for $659.72, int. at 8% from date, to be

paid out of sale of their International Truck and in addition Cash the sum of One Hundred Seventy-six and 82/100 Dollars ($176.82), for which the vendor hereby acknowledges receipt and grants acquittance and discharge; and for the balance of the purchase price, to-wit: $2,509.63, the said purchasers have made and subscribed twelve (12) certain promissory notes, all dated this day, payable to their own order and by them endorsed *in solido*, bearing interest at the rate of eight per cent. (8%) per annum from date until paid, payable at the place of business of said purchasers at Marrero, La., amounts and maturities as follows, to-wit: * * *"

Then follows the dates of maturities of the twelve notes, beginning January 10, 1921, and ending December 10, 1921. Immediately following this are the security clauses usually contained in acts of mortgage.

On December 30, 1922, plaintiff instituted this suit on the note of $659.72, alleging a balance due thereon of $285.59, interest and 25% attorney's fees. Art. II of the petition reads as follows:

"That in the said act of sale and chattel mortgage it was stipulated that the said note should be paid out of the sale of a certain International truck, which was the property of said Richard J. Courcier and Albert D. Courcier, or of one of them; that the said Richard J. Courcier and Albert D. Courcier delivered the said International truck into the possession of the Nola Motor Company, Inc., to be sold to satisfy the said note, any difference that there might be between the sale price and the face of the note to be returned to the said Richard J. Courcier and Albert D. Courcier; that the Nola Motor Company, Inc., was unable to find a purchaser for the said International truck who would pay the minimum price which the said Richard J. Courcier and Albert D. Courcier stipulated should be received therefor; and that the said Richard J. Courcier and Albert D. Courcier thereupon took the said International truck back into their possession, thus depriving the Nola Motor Company, Inc., and your petitioner, who succeeded to its rights in the premises, from being paid out of the same; that your petitioner has no knowledge of the disposition or whereabouts of the said International truck."

The prayer of the petition is for recognition of plaintiff's mortgage, and payment of his claim out of the proceeds of the truck by preference, coupled with a prayer for a writ of sequestration. The writ issued upon plaintiff furnishing bond for $500.00, and the Indiana truck was seized.

Defendant filed a rule to dissolve the sequestration and an exception of no cause of action, which exception was maintained by the lower court, and plaintiff's suit dismissed.

It was stated in argument and appears on brief of counsel for appellant (not contradicted by opposing counsel) that the verbal reasons for judgment assigned by the judge *a quo* on dismissing this suit on exception of no cause of action, was that the stipulation in the act to the effect that the notes sued upon should be paid out of the sale of the International Truck, meant that it should be paid only out of the sale of that truck, and that since it was not alleged that the truck had been sold, plaintiff's petition did not state a cause of action.

We are not able to agree with our learned brother of the District Court in this view of the case. The language of that clause of the act which is first-above quoted, is not free from ambiguity as to the real intent of the parties. Considering the clause from its four corners, it is to be first noted that the total purchase price of the truck was 3,346.17, from which amount, after deducting the face value of the note now sued upon and the amount of the cash portion paid at the execution of the act, their remains a balance ($2,509.63), one-twelfth of which balance formed the basis for face values given each of the other twelve notes involved in the transaction. The note itself was a sixty-day note, maturing February 7, 1921, before any of the other twelve notes matured, except that note due on January 10, 1921. From these facts, might it not be within the bounds of reasonable conjecture or interpretation

—leading later, by competent evidence, to judicial conviction—that notwithstanding the words "note * * * to be paid out of the sale of their International truck", it was the intention of the parties, if the note was not paid by such method, it should nevertheless always form part of the total purchase price agreed upon and should be always secured, as shown on its face and in the act of mortgage, by the truck itself, whether such truck be in custody of the mortgagee or mortgagor?

The other allegations of the petition, taken, for purposes of the exception, to be true, and whereby a course of dealings between the parties is set up in respect to defendants having repossessed themselves of the truck and of having thereafter paid the greater portion of the note, are facts, in the light of which the ambiguous clauses of the act may be considered clear and certain, after such facts, as alleged, shall have been duly proven and established.

We are of the opinion that where there is ambiguity as to the real intention of the parties to a written contract sued upon and made part of the petition, that the exception of no cause of action, which is plainly directed to the insufficiency of allegations in the petition, should not be maintained so as to put an end to the controversy. Reiman Mfg. Co. vs. Vasquez et al., 9 Orl. App. 262; Goldsmith vs. Virgin, 122 La. 831, 48 South. 279.

For these reasons, we conclude that the ends of justice demand that this case be tried upon its merits.

For the reasons assigned, the judgment of the District Court is annulled and set aside; the exception of no cause of action is overruled, and this case is remanded to the said court to be decided upon its merits. defendants to pay costs of this appeal, and all other costs to await final judgment.