## HARRIES v. COURCIER

(January 21, 1929.   Opinion and Decree.)
(February 11, 1929.   Rehearing Refused.)
(March 26, 1929.   Decree Supreme Court, Writ of Certiorari and Review Refused.)

Lemle, Moreno and Lemle, of New Orleans, attorneys for plaintiff, appellant.

Dart and Dart, and L. L. Dubourg, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.   The facts in this case are stated at length, in an opinion overruling the judgment maintaining an exception of no cause of action, rendered by this Court, April 27, 1925.  (2 La. App. 134.)

The case was subsequently tried on the merits, and judgment rendered in favor of defendants.  Plaintiff has again appealed. It is necessary to repeat briefly the following facts.

The defendants, Richard and Albert Courcier, purchased from the Nola Motor Company, Inc., an "Indiana" motor truck by notarial act of sale and chattel mortgage, for the price of $3,346.00.  There was some cash paid but the consideration was largely

credit, represented by promissory notes. There was one note for $659.72, payable sixty days after date, and, twelve notes, due respectively 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 months after date, each for an equal amount and aggregating $2,509.63, all made payable to the order of defendants and by them endorsed. Plaintiff purchased all the notes immediately following their execution, and, all were paid except one, the note for $659.72. That one, had been partly paid, the balance due being $285.59, for which amount this suit was instituted.

This note, bears on its face the usual paraph of the notary before whom the act of sale and mortgage was passed, "Ne Varieteur for identification," etc. In the act, it was stated that the note was to be paid out of the sale of an International truck, the explanation being that the parties could not agree on the exchange value of the International truck, consequently, it was stipulated that it should be sold to the best advantage, and, the proceeds applied to the extinguishment of this note, the excess, if any, to be paid to the Courciers.

The trial court was of the opinion that the notarial paraph identifying the note with the act of sale and mortgage had the effect of reading into the note all of the conditions and obligations expressed in the act of sale and mortgage, and, that, the words "payable out of sale of their International truck" meant that the note was payable only out of the proceeds of such sale. There being no proof that the truck had been sold in the record, plaintiff was denied recovery.

The first question to be considered is the effect of the notarial paraph upon the negotiability of the note.

Under Section 52, of Act 64, of 1904 (Uniform Negotiable Instrument Act) "A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 1 of Article 1 of the same act reads as follows:

"An instrument to be negotiable must conform to the following requirements:

"1. It must be in writing and signed by the maker or drawer;

"2. Must contain an unconditional promise or order to pay a sum certain in money.

"3. Must be payable on demand, or at a fixed or determinable future time.

"4. Must be payable to order or to bearer, and,

"5. Where the instrument is' addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

Section 3 of Article 1 of the same act reads as follows:

"An unqualified order or promise to pay is unconditional within the meaning of this Act, though coupled with:

"1. An indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount; or,

"2. A statement of the transaction which gives rise to the instrument. But an order or promise to pay out of a particular fund is not unconditional."

It is admitted that plaintiff purchased the notes before maturity, and in good faith and for a valuable consideration. If, therefore, the instrument was negotiable he was a holder in due course, unless, at the time it was negotiated, he had notice

of a defect in the title of the person negotiating it.

That the instrument was negotiable seems clear by the overwhelming weight of authority here and elsewhere. First State Bank and Trust Company of Bogalusa vs. Crane, 157 La. 427, 102 So. 513, 38 A. L. R. 347; Tyler vs. Whitney-Central Trust and Savings Bank, 157 La. 249, 102 So. 325; Van Tassell vs. McGrail et al., 93 Wash. 380, 160 Pac. 1053; Nichols vs. Ruggles, 76 Maine 25; Ouachita National Bank vs. Carpenter et al., 160 La. 1033, 107 So. 896.

It is not seriously denied that the law, in this regard, is as we have stated it, but, it is said that this case is not within the principle of the cited cases, because plaintiff had knowledge of the defects in the title of the Nola Motor Company and in asking that the chattel mortgage securing the notes be recognized and enforced he has waived any right to a judgment on the note alone because he cannot claim the benefits of a contract and at the same time, escape its obligations. In support of this last proposition, we are referred to Sherer-Gillett Co. vs. Bennett, 153 La. 304, 95 So. 777, where it was held:

"One will not be allowed to claim the benefits, and at the same time escape the obligations, of an undertaking."

Our attention is also called to the fact that in only one case cited by plaintiff was there a judgment asked for on a note, and at the same time a prayer for the recognition and enforcement of the mortgage, the other cases being suits on the notes alone.

As to the contention that plaintiff had knowledge of the defects in the title of the Nola Motor Company, there is no evidence in the record to that effect. It is true that in his petition he refers to the act of mortgage, and the relief sought refers to the recognition and enforcement of the chattel mortgage, but this would only indicate that he knew that the notes were secured by the chattel mortgage, which information must have been known by anyone, who had come into possession of the notes, because they bore on their face evidence to that effect. It does not appear that his knowledge extended any further, and, the possession of such knowledge as he had is insufficient to affect his character as a holder in due course. Insofar as the contention that a party may not reap the benefits, without assuming the obligations of a contract, we fail to find any application of that principle to this case. The fact that the court is unable to award judgment to the full effect prayed for, does not prevent a partial recognition of plaintiff's claim.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that the plaintiff, Edmund Harries, have judgment in his favor and against Richard Courcier et al., in solido, in the sum of $285.59 with interest at 8% per annum from August 16, 1922, until paid.