153 So. 13

PROTTI v. AMERICAN BANK & TRUST CO. et al.

PEREZ et al. v. NEW ORLEANS CLEARING HOUSE ASS'N.

No. 32422.

Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellants American Bank & Trust Co., New Orleans Clearing House Ass'n, and others.

William S. Hero, of New Orleans, for appellee Vincent Protti.

Prowell, McBride & Ray, of New Orleans, and Welton P. Mouton, of Lafayette, for appellees R. E. Perez and others.

L. H. Gosserand, of New Orleans, for appellees William Stovall, Joseph Miller, and Henry Boudreaux.

BRUNOT, Justice.

On January 16, 1930, the Algiers Branch of the Canal Bank & Trust Company was entered and robbed by four bandits, who escaped immediate capture and drove away in a stolen automobile. All of the bandits were captured and they are now serving sentences in the State Penitentiary for the crime. There was in force, on the date of the robbery, a reward offered by the associated banks of the city of New Orleans, through their central agency, the New Orleans Clearing House Association, which reads as follows:

"$5,000 REWARD for information leading to the arrest and conviction of BANK ROB-BERS

"A reward of $5,000 will be paid by the New Orleans Clearing House Association to the person or persons who furnish information leading to the arrest and conviction of the participants in any robbery or attempt to rob or hold up any Member or any Associate-Member of the Association or a branch bank of any Member or Associated-Member Bank, or any messenger or agent of such bank or branches. The killing of any person or persons in the act of committing such robbery or hold up, shall, for the purpose of this reward, be considered as an arrest and conviction of such person or

persons. All claims for such reward must be made to the Association within thirty (30) days after conviction.

"The Association is the sole judge of any dispute arising over the reward and the person or persons, if any, entitled to share therein, and its decision on any point connected with the reward will be final and conclusive."

The record discloses that a car belonging to a police officer, named Bernard, had been stolen, and, on the day of the said robbery, Officer Bernard was in Algiers looking for his car. He was not aware of the bank robbery, but as the bandits were leaving the scene of the robbery, he saw his car, with four persons in it. After attempting to hail the car, he fired several shots at it and followed it in another car down the Belle Chasse road until the chase ended by tire trouble which caused the occupants of the stolen car to abandon it, two of the occupants running towards the levee, and two towards the swamp.

Immediately after the bank was robbed, the police station was notified. Three officers in a police patrol responded, and promptly started in pursuit of the bandit car. They arrived at the scene of the abandoned car a very short time after Bernard, who was the first to reach the scene. It was from these officers that Bernard learned that the occupants of the stolen car had just robbed the bank. About that time other persons came upon the scene, one of whom was Vincent Protti, and another, R. E. Perez. Protti reported seeing two men in the weeds, on the levee side of the road, some distance north of the abandoned car. Perez drove up the road and, seeing these men, he returned and made a similar report to the officers. Bernard proceeded to the place indi-

cated and arrested both men, who proved to be two of the bandits. The other two bandits were arrested later, one at John Mill's store and the other at Boothville. The record contains two suits and an intervention. The suits were consolidated in the court below and are brought up in one transcript.

Vincent Protti sues individually for the whole, or, in the alternative, for one-half of the reward.

R. E. Perez, Mancil Barrios, Mr. and Mrs. John Mills, and Anthony Protti, join in one suit, in which they pray for judgment in favor of R. E. Perez for $2,500, in favor of Mancil Barrios for $1,250, and in favor of Mr. and Mrs. John Mills and Anthony Protti, jointly, for $1,250.

William Stovall, Joseph Miller, and Henry Boudreaux are the interveners in the suit. They pray for judgment in their favor for $1,250.

Vincent Protti and R. E. Perez base their respective claims upon indicating to the officers the location of the two bandits in the weeds on the levee side of the road.

Mancil Barrios bases his claim upon information given the sheriff of Plaquemines parish, that one of the bandits was at Boothville, where the sheriff arrested him at a pool room operated by the bandit's cousin.

Mr. and Mrs. John Mills and Anthony Protti base their claim on the allegations that a man entered Mills' store on the night of January 17, 1930, under circumstances which aroused suspicion. Mills sent his wife for aid. Anthony Protti responded, viewed the situation, left the store, and soon after returned with the chief of police of Gretna and three

other men, who placed the stranger, who was later identified as one of the bandits, under arrest. The three men who assisted the chief of police in making this arrest are the interveners in this suit, and, as such, they pray for a judgment in their favor for $1,250.

Both petitions and the intervention were excepted to as not disclosing a right or cause of action. These exceptions were heard and overruled.

The answers of the defendants put at issue all of the material averments of the plaintiffs' and interveners' original and supplemental petitions. The case was tried on the issues thus presented, and judgment was rendered in favor of R. E. Perez for $1,250, in favor of Vincent Protti for $1,250, in favor of Mancil Barrios for $1,250, and in favor of Mr. and Mrs. John Mills and Anthony Protti for $1,250, with legal interest on said sums from judicial demand and for costs, and against the interveners, rejecting their demand and taxing them with the costs of the intervention.

The defendant banks and the New Orleans Clearing House Association perfected a suspensive appeal from the judgment, and R. E. Perez and Vincent Protti each perfected a devolutive appeal therefrom.

The first question presented by this appeal is whether or not the trial judge erred in overruling the defendants' exceptions of no right and no cause of action.

In R. C. L. vol. 23, p. 1115, we find the following: "A binding and enforceable contract to pay a reward rests on the one side on a valid offer, and on the other side on an acceptance of such offer, including its terms and conditions; * * *. The matter rests exclusively in the domain of contract, involving an offer and an acceptance of one. One desiring to offer a reward may fix his own terms and conditions. If they are satisfactory, they must, like other propositions, be accepted as made, if unsatisfactory, no one need accept them."

In the case of Owens v. Muslow, 166 La. 423, 117 So. 449, this court, in substance, said that a purported contract which left it optional with one of the parties to perform could ripen into an enforceable contract, provided its nullity was not seasonably pleaded.

In the petitions filed herein, including the petition of intervention, there is a stereotyped averment that the petitioners' claim was filed with the New Orleans Clearing House Association before the expiration of thirty days after the conviction of the robbers, and that said association refuses to pay the claimants any part of their claim or to make any decision with reference to the payment of the reward. The last clause of the written offer of reward is as follows: "The Association is the sole judge of any dispute arising over the reward and the person or persons, if any, entitled to share therein, and its decision, on any point connected with the reward shall be final and conclusive."

By reason of this clause in the reward, or contract between the parties, which is not attacked in any of the pleadings as a nudum pactum, the power of the court is limited, at this time, to enforcing action by the New Orleans Clearing House Association in the premises, and, as plaintiffs and interveners have not sought this relief, we are of the opinion that their petitions do not disclose a right of action.

For the foregoing reasons, the judgment appealed from is avoided and reversed, the exception of no right of action is maintained, and this suit is dismissed; the costs of the suit in the lower court, not assessed in the judgment appealed from to the interveners, to be paid by the plaintiffs, and the costs of appeal to be paid by appellants R. E. Perez and Vincent Protti in equal proportions.

O'NIELL, C. J., absent.