CONTINENTAL BANK & TRUST CO. v. MILLER et al.*

No. 16539.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

Hubert M. Ansley, of New Orleans, for appellant.

Marcus & Corkern and F. A. Kullman, all of New Orleans, for appellee.

JANVIER, Judge.

Stripped of its unimportant issues, this suit is one in which the plaintiff alleges that it is the holder and owner of a promissory note executed by three comakers and in which one of the comakers contends that he is not personally liable because of the alleged fact that the said note is, by its own terms, payable out of a particular fund and, therefore, does not represent an unconditional promise to pay. The document sued on reads, in part, as follows:

"New Orleans, La., March 28, 1932.

"On January 28, 1933, I, whether maker, endorser, guarantor, surety or other party hereto, promise to pay to the order of the Continental Bank & Trust Company at its banking house in the City of New Orleans, Two Hundred six 05/100 Dollars, for value received, with interest at the rate of eight per cent per annum from maturity until paid."

Immediately following the above-quoted promise to pay there are further paragraphs, two of which we find it necessary to set forth in full:

"In consideration for this loan the first of the undersigned promises and agrees to deposit promptly with said bank on April 28, 1932, the sum of Twenty-six 05/100 Dollars, and thereafter regularly on the 28th of each month to deposit the sum of Twenty 00/100 Dollars, and on ———, to deposit the remaining sum of ——— Dollars, until there has been deposited an amount equal to the face amount of this note. All deposits shall be made to the credit of the first of the undersigned in Personal Loan Account Number PL....... of the bank's Personal Loan Department. Should the making of any deposit be delayed beyond the date as herein provided the first of the undersigned agrees to pay to the holder thereof, on or prior to the next successive deposit date, the sum of ...... cents per day, which is hereby fixed as the damages for said delay. The other parties hereto guarantee, in solido, that each and every such deposit and payment will be promptly made and paid, hereby agreeing to make and pay the same promptly should there be any default.

"All amounts at any time deposited in or credited to said Personal Loan Account shall remain therein and shall not be withdrawn as long as this note remains unpaid; and when all deposits have been made as above provided said Account shall be applied to the payment of this note."

The document bears three signatures on its face, as follows:

"J. G. Miller, Sr.
"L. M. Dalgarn
"R. J. Wilkinson."

Only one of the makers of the note is involved in the matter which is now before us, that one being Dalgarn, who has appealed from a judgment rendered against

*Rehearing denied March 8, 1937.

him in favor of the liquidators of the said Continental Bank & Trust Company. He contends that, by reason of the above-quoted stipulation, under which the said first-named maker agreed to make deposits in the said loan fund and agreed to the application of the said loan fund to the payment of the note, the said note lost its character as an unconditional promise to pay and became merely a promise, so far as the second and third comakers were concerned, that the said fund, if created by the said first maker, would be devoted to the payment of the note.

Dalgarn points to section 3 of Act No. 64 of 1904 (The Negotiable Instruments Law), which section, in subdivision 2, provides that "an order or promise to pay out of a particular fund is not unconditional." He overlooks, however, the fact that the note does not provide for the creation of a particular fund out of which and only out of which it may be paid, but that the fund is created as a security additional to the personal obligation of the makers. The note very plainly contains the unconditional and unqualified agreement of the makers that they will pay the note at its maturity and, as an additional guarantee or security, it contains the provision that one of the makers will create, by regular deposits, a fund which shall be applied to the payment of the said note. Nowhere can there be found a stipulation to the effect that the note is payable only out of the said fund.

In Corpus Juris, vol. 8, p. 123, subject Bills and Notes, is found the following:

"* * * a reference in a note to the fund from which the maker expects to derive the means of payment does not invalidate it as a negotiable instrument if it appears that payment is not confined to such fund but is to be made whether it fails or otherwise.

"The true test in every case is, does the instrument carry the general personal credit of the drawer or the maker, or only the credit of a particular fund, and this question must be determined according to the circumstances of each case unless the language of the instrument itself puts its meaning beyond doubt."

See, also, Tyler v. Whitney-Central Trust & Savings Bank, 157 La. 249, 102 So. 325.

■ Counsel for Dalgarn vehemently protests that judgment for plaintiff should not have been rendered against said de-fendant in view of the fact that the prayer for oyer of the said loan account was not complied with. The answer to this is obvious. The plaintiff did file a document showing the complete status of the said loan account and it has not been shown that there was any other document or account which the said Dalgarn might rely upon in support of his defense.

We see no merit whatever in the defenses to which we have referred.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.