**JONES v. FOWLER.**

**No. 16966.**

Court of Appeal of Louisiana. Orleans.

Dec. 12, 1938.

Theodore H. McGiehan, of New Orleans, for appellant.

W. A. Gillaspie, Jr., of New Orleans, for appellee.

McCALEB, Judge.

The defendant, Arthur W. Fowler, is the operator of a shooting gallery located at 307 St. Charles St. in the City of New Orleans where persons are invited to test their skill with firearms in consideration of a stipulated fee. In order to stimulate his business, the defendant offers a prize, ranging from $50 to $300, to any person who is able, with three bullets from a 22 caliber rifle from a certain designated distance, to shoot out and obliterate the red from a figure "5" stamped on a target. The charge for shooting three bullets at this target is 10¢ and the defendant applies 2½¢ of each 10¢ he collects from patrons engaging in the contest towards the enlargement of the prize payable to the winner which, as aforesaid, is at least $50 and increases to a maximum of $300.

On November 13, 1937, the plaintiff, Clyde M. Jones, repaired to the defendant's establishment and shot several times at the target. He claims that the last three bullets fired by him completely obliterated all of the red in the figure "5"; that he accordingly became the winner of the contest and that, as such, he was entitled to receive the prize money which was, at that time, admittedly $300. Upon the defendant's refusal to recognize him as the successful contestant, plaintiff brought this suit for the recovery of the prize.

The defendant, in his answer, admits that he agreed to pay the sum of $300 to the party who was able to shoot out the red in the figure "5" on the target but he denies any liability to plaintiff on the ground that the latter did not succeed in doing so.

The case was submitted on this issue and the trial judge, after hearing the evidence, found for the plaintiff. Defendant has appealed.

In the lower court, the chief defense asserted by Fowler was that the plaintiff did not, as a matter of fact, shoot out all of the red in the figure "5" and that therefore he was not the winner of the contest. But on this appeal, he has questioned, for the first time, the right of the court to settle the controversy, pointing out that, under the rules of the contest, he, alone, is constituted as the sole judge of whether the plaintiff has performed the feat. The agreement between the parties, which is in writing, provides:

"A reward of marksmanship and not a game of chance. Three shots for 10¢ at one red 5. Reward amount listed on card to shooter who completely obliterates all red on 5. All cards void after leaving gal-

lery. The operator of this gallery is sole judge of all shooting and may limit reward and restrict participation. All cards exhibited are for the same reward and in case of simultaneous win the first who begins to shoot wins."

It is argued by the defendant that, since he has been designated as the sole judge of the contest and inasmuch as he has decided that the plaintiff's shots did not obliterate all of the red in the figure "5" on the target, the latter is without right to seek redress in the courts for the purpose of having his judgment set aside. But it strikes us that a condition in a contract, such as the one relied on by the defendant, is potestative and hence unenforcible under Arts. 2034 and 2035 of the Civil Code because it has the effect of vesting in the defendant the absolute power of determining whether or not the plaintiff has performed the obligation. In other words, if legal effect is given to the stipulation, the defendant can, in any case, exercise the prerogative of completely avoiding any liability for the payment of the prize.

■ Counsel for defendant nevertheless proclaims that the condition is enforcible because it is clearly contemplated by the provisions of Art. 1799 of the Civil Code, which reads as follows:

"It is a presumption of law that in every contract each party has agreed to confer on the other the right of judicially enforcing the performance of the agreement, unless the contrary be expressed, or may be implied."

This article merely permits the contracting parties to provide for extrajudicial determination of their rights under the agreement and cannot be regarded as a legal sanction of stipulations which would otherwise be prohibited. It must be read and construed with Arts. 2034 and 2035 of the Code which relate to potestative conditions. Thus viewed, it is obvious that, while Art. 1799 grants to the contracting parties the right to appoint an arbiter to settle any disputes, the party chosen to act as such must not be either the obligor or obligee. In cases such as this, where the performance of the contract depends upon the skill of one of the contracting parties, the question as to whether he has successfully accomplished the feat may be left to the decision of a third person. And where the judge selected by the parties has exercised the discretion vested in him, the court will not intervene in the absence of proof that his finding is arbitrary, capricious or tainted with fraud. But the power of determining the rights which flow from the contract can never be legally vested in one of the interested contracting parties because such a stipulation is plainly potestative in that it makes enforcement of the obligation dependent solely upon the exercise of his will. We therefore find that the part of the contract in this suit, which appoints the defendant as the sole judge of the contest, is unenforcible in law and voidable with respect to the plaintiff.

■ Reference has been made in the argument of this case to the matter of Protti v. American Bank & Trust Co. et al., 179 La. 39, 153 So. 13, wherein the Supreme Court dismissed the suits of persons claiming a reward on exceptions of no right of action filed by the defendants. That case is clearly distinguishable from the instant one. There, the plaintiffs attempted to enforce payment of a reward prior to a decision by the New Orleans Clearing House Association (the party given the right under the contract to determine the question). The Supreme Court held that the plaintiffs were without right to have the court enforce the contract until the Clearing House Association had made its decision inasmuch as the plaintiffs did not claim that the clause in the agreement, appointing the Association as the sole judge of the matter, was a nudum pactum. Here, however, the defendant concedes that he (as sole judge of the contest) has decided the matter against the plaintiff and accordingly the latter has the right to have the court consider whether, as a matter of fact, he is the winner of the contest and he is also entitled to assert that the condition in the contract, upon which defendant relies, is voidable with respect to him.

■ The remaining question in the case is one of fact, i. e., Did or did not the plaintiff succeed in obliterating all red on the figure "5" by three shots at the target? The testimony with respect to this is in conflict. Plaintiff and his witness Theisen state that they were unable to see any red on the figure "5" by examining the target with their naked eye and with magnifying glasses. On the other hand, the defendant and his wife declared that they were able to see red on the figure by looking at it without the aid of a magnifying glass. Defendant's witnesses Harris, Reyes and

Brondum all concede that they were unable to detect red in the figure "5" with the naked eye but say that they were able to see it through a magnifying glass.

We find it to be a reasonable interpretation of the intention of the parties to the contract that the contest was to be judged by looking at the target with the naked eye and without the aid of a magnifying glass. Such was the defendant's interpretation of the agreement for, on the witness stand, he admitted that he determined whether or not the feat had been accomplished by examining the target with his naked eye.

The trial judge found as a fact, from the evidence presented, that the plaintiff had completely obliterated the red from the figure "5". We see no reason to disturb his judgment on this question of fact as we are satisfied, from our examination of the record, that the evidence clearly preponderates in plaintiff's favor.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.