YARRUT, Judge.
This is a suit by Plaintiffs to recover from Defendant the sum of $5,150.00 each, with interest and costs, based upon a written instrument signed by all the parties, reading as follows :
“It is agreed that SALOON, INCORPORATED is indebted to ANTHONY MACERATO and LAWRENCE MU-HOBERAC in the amount of FIVE THOUSAND ONE HUNDRED FIFTY and 00/100 DOLLARS ($5,150.00) each, which represents the value of the services rendered by each of them to the business of the corporation and the corporation will pay this money to them in periodic installments out of the profits to be earned by the corporation. Times and amounts of the installment payments shall be determined by BENEDICT CIMINI, JR. as President.
“It is further agreed that neither ANTHONY MACERATO nor LAWRENCE MUHOBERAC shall have any other interest in the corporation or any of its affairs.”
Judgment was rendered in favor of Plaintiffs, Anthony Macerato and Lawrence Mu-hoberac, in the sum of $5,150.00 each. Subsequent to 'the judgment and the motion for appeal, Anthony Macerato executed a release of his claim under the judgment, in return for the cancellation of a debt owed by him to Defendant, which anti-dated the agreement in this suit. Although Defendant appealed from the judgment in favor of both Plaintiffs, the only appeal cognizable here is the one in favor of Lawrence Muhoberac. Reference hereinafter to Plaintiff will be to Lawrence Muhoberac alone.
Defendant contends it is not indebted to Plaintiff for the following reasons: (1) There was no consideration for the agreement; (2) that the agreement was conditioned on Defendant earning a profit which Defendant alleges it did not earn; and (3) that part of the agreement which states, “Times and amounts of the installment payments shall be determined by BENEDICT CIMINI, JR. as President”, is a potestative condition, and as such has no effect.
The defense of lack of consideration has no merit. The consideration in the agreement itself states that it represents the value of services previously rendered rather than to be rendered. Moreover, Mr. Cimini testified that the agreement was drawn up at, or just prior, to the termination of the employment of Plaintiff.
As to the argument that the payment of the consideration was contingent upon Defendant earning a profit, the District Judge concluded that the latter part of the agreement simply pointed out the funds from which the money was intended to be paid; and that, in any event, the agreement was an unconditional and unqualified promise to pay.
However, Defendant contends that, since the agreement contains no “fixed time” for payment, the phrase “ * * * and the corporation will pay this money to them in periodic installments out of the profits to he earned by the corporation” constitutes a suspensive condition, depending entirely upon whether Defendant earns a profit.
The Courts of this State have had occasions to interpret such instruments to determine whether they contain unconditional promises to pay, and whether such instruments were negotiable or non-negotiable.
In Continental Bank & Trust Co. v. Miller, La.App., 172 So. 557, the note in question contained a provision for the creation of a special fund by one of the co-makers, out of which the note was to be paid. This Court found that the note was an unconditional promise to pay, stating:
“ * * * the note does not provide for the creation of a particular fund out of which and only out of which it may be paid, but that the fund is created as a security additional to the personal obligation of the makers * * * ”
*574 It has been held that, where a promissory note is paraphed with an act of chattel mortgage, which provides that the note is to be paid out of proceeds of the sale of a truck, said provision does not mean the note is payable only out of the proceeds of such sale, but is an unconditional promise to pay, coupled with an indication of "a particular fund from which the payment is expected to be paid. Harries v. Courcier, 10 La.App. 22, 119 So. 90S.
The key word in these cases is “only”. A promise to pay “only” out of a particular fund is not payable when the fund fails. However,
“ * * * reference in a note to the fund from which the maker expects to derive the means of payment does not invalidate it as a negotiable instrument if it appears that payment is not confined to such fund but is to be made whether it fails or otherwise; * * 10 C.J.S. Bills and Notes § 86, p. 533.
It must be stipulated in the wording of the agreement, or competent evidence given, that payment is confined or limited “only” to a particular fund; or that payment is to be made “only if” a particular fund is created, before an agreement to pay is found conditional on the existence of such a fund. Continental Bank & Trust Co. v. Miller, supra.
Applying these rules to the interpretation of the agreement herein, we find Defendant is unconditionally obligated to pay Plaintiff $5,150.00. The agreement does not say Defendant is indebted to Plaintiff “only if” profits are earned; nor does the agreement say “the corporation shall pay this money to them in periodic installments only out of the profits to be earned * * * ” The clause is placed at the end of the promise after stating the debt, the amount and the consideration. There are no words or phrases or limit to a particular fund; nor are there any words or phrases which indicate the execution of the obligation is contingent upon Defendant earning profits.
Defendant relies on the case of Pertuit v. Weinberg, 134 So.2d 652, which the Court of Appeal, First Circuit, has stated stands for the following proposition:
“ * * * that payment of a negotiable note may be resisted upon the ground it was without consideration in that its efficacy was contingent upon an event which has not transpired. * * * ” Price v. Lanoue, La.App., 190 So.2d 478.
The Court in Pertuit v. Weinberg, supra, stated:
“From the overall picture disclosed by the testimony, we are satisfied with the defense that the note was to be paid only if defendants operated the Club profitably, and that the burden of defendants to prove their special defense of failure of consideration, was sustained.”
The Pertuit case involved the sale of a business and fixtures; while the instant case involves a debt for services rendered. In the Pertuit case, the Court found that, as a fact, the business was worthless, and it was agreed between the parties that the note was to be payable only if and when the business was profitable. In the instant case, the agreement does not contain any language that the obligation and debt for services rendred would be paid only if and when the business became profitable.
A debt payable only out of a particular fund, which is to arise, is not payable until the fund arises. However, the difference between such an agreement and an unconditional obligation to pay, coupled with an indication of a particular fund to be applied to reduction of the debt (the agreement in this case) is exactly the same distinction made by the Negotiable Instruments Act between “an order * * * to pay out of a particular fund” and “an indication of a particular fund out of which reimbursement is to be made * * *.” *575 Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714; LSA-R.S. 7:3. The form-mer is conditional and the latter is unconditional.
Once a debt is established for services rendered or other consideration given to the debtor, the consent of the creditor to permit payment from a certain fund, created or to be created, is simply a gratuity on the part of the creditor, which he can cancel upon reasonable notice; otherwise, the debt due him could, in effect, be can-celled by the failure, ad infinitum, of the mentioned fund to come into existence.
Assuming, arguendo, that the agreement contains a condition suspending its enforcement until Defendant earns a profit, we must conclude from the evidence that Defendant has actually “earned a profit”.
Receipts, over and above current expenses, without deductions on account of depreciation of capital improvements and capital investment, are the profits of a business within the common and popular meaning of the term. Eyster v. Centennial Board of Finance, 94 U.S. 500, 24 L.Ed. 188. The U. S. Fifth Circuit Court of Appeals has stated that, where the sale of a business provides deferred payments are payable only out of profits from operation of the business, the word “profits” is not employed in its technical sense, but has its ordinary and common meaning as consisting of net receipts without deductions for depreciation as an item of expense. Purdue v. Ralph, 100 F.2d 518; see also Mayer v. Nethersole, 71 App.Div. 383, 75 N.Y.S. 987, cited in the above case.
Moreover, Webster’s New International Dictionary (Second Edition) defines “profit” as:
“The excess of returns over expenditure in a given transaction or series of transactions; as: a The excess of the price received over the price paid for goods sold ([Rogers-Ruger Co. v. McCord] 115 Wis. 261 [91 N.W. 685]). b The excess of the price received over the cost of purchasing and handling, or of producing and marketing, particular goods ([Bur-dett v. Estey] 3 Fed. 566, 569).”
Defendant’s accountant testified that, for the fiscal year ending November 30, 1966, there were total expenses of $41,288.72, including depreciation expense of $4,584.77. For this period there was a net loss of $116.18. For the fiscal year ending November 30, 1965, there were total expenses of $37,029.64, including depreciation of $5,243.00. For this period there was a net loss of $868.68.
If the depreciation expenses are excluded from the total expenses for each of the above periods, we find a net profit earned in the period ending November 30, 1966, of $4,468.59, and a net profit earned in the fiscal year ending November 30, 1965 of $4,374.32. Accordingly, any condition was fulfilled when Defendant made a profit.
Defendant contends the lower Court erred in finding the provision in the agreement “Times and amounts of the installment payments shall be determined by BENEDICT CIMINI, JR. as President”, was potestative and of no effect.
“The potestative condition is that which makes the execution of the agreement dependent on an event which is in the power of one or the other of the contracting parties to bring about or to hinder.” LSA-C.C. Art. 2024.
“Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.” LSA-C.C. Art. 2034.
The provision or stipulation in a contract which is found to be potestative is voidable only by the party who has performed. Jones v. Fowler, La.App., 185 So. 40.
Accordingly, the District Judge was correct in finding the above phrase potesta-tive, but of no effect with regard to Plaintiff.
*576 The judgment of the District Court is affirmed; Defendant to pay all costs in both Courts.
Affirmed.