BEER, Judge.
This appeal results from judgment enforcing a note issued to plaintiff covering brokerage fee allegedly earned by its having secured a loan commitment in defendant’s behalf. Subsequent to delivery of the note, thirty-seven requirements for closing the loan were imposed by the committed lender but never met by defendant, who contends that there was an absence or failure of consideration for the note since the loan was never closed. Alternatively, appellant contends that there was a promise to pay the note from a specific fund (the mortgage loan proceeds) which never came into being, thus nullifying the obligation.
The trial court, in its well reasoned written opinion, stated, in part:
*572 “It is the law of Louisiana that all negotiable instruments are deemed prima facie to have been issued for valid consideration and such presumption operates until overcome by other valid evidence. Cleveland Construction Corporation v. Thibodaux, 307 So.2d 875 (sic, 785), (La.App. 3rd Cir., 1975).
“Defendant, West Esplanade Corporation, has failed to overcome this presumption. To the contrary, the record clearly shows that the note was given for valid consideration, namely, the loan commitment from Percy Wilson Mortgage and Finance Corporation.
“The defendant’s claim of failure of consideration is without merit. For there to have been a failure of consideration, the defendant would be required to show some failure on the part of the payee (Independent Mortgage Brokers, Inc.) to perform an obligation for which the instrument was given. Plaetou (sic) v. Sobel, 185 So.2d 95 (La.App. 4th Cir., 1966). “The defendant has shown no such failure. The testimony and exhibits show that once the defendant accepted the commitment, it was the defendant’s sole responsibility to meet the requirements of the commitment to close the loan. Independent Mortgage Brokers, Inc. had no responsibility to insure that the loan would actually close.”
In our view, the factual findings of the able trial judge are supported by the record which contains clear evidence that the note was issued for valid consideration, and that it was, thereafter, the responsibility of appellant to meet the loan closing requirements.
On the question of agreement to pay from a specific fund, the trial court observed:
“Defendant also urged that the two letters from Independent Mortgage Brokers, Inc. to West Esplanade Corporation, dated May 8, 1975 (P-4, P-5), limited the fund from which the note was to be satisfied to the loan proceeds. The Court does ; not read these letters to so limit the note.
‘It must be stipulated in the wording of the agreement, or competent evidence given, that payment is confined or limited “only” to a particular fund; or that payment is to be made “only if” a particular fund is created, before an agreement to pay is found conditional on the existence of such a fund.’ Muhoberac, et al v. Saloon, Inc., 210 So.2d 572, 574 (La.App. 4th Cir. 1968). (Application denied, 252 La. 844, 214 So.2d 164.)
‘Once a debt is established, the services rendered or the consideration given to the debtor, the consent of the creditor to permit payment from a certain fund, created or to be created, is simply a gratuity on the part of the creditor which he can cancel upon reasonable notice; otherwise, the debt due him could, in effect, be cancelled by the failure ad infinitum of the mentioned fund to come in existence.’ Supra, at 575.”
We agree that the May 8, 1975 letter contains no language limiting the source of payment of the note to the loan proceeds and the record supports the conclusion that plaintiff-appellee’s willingness to be paid from the loan proceeds was simply an accommodation.
Accordingly, we affirm, at appellant’s cost.

AFFIRMED.