## No. 232.—HODGE RABUN *v.* L. CAGE, Administrator.

Evidence tending to show that the plaintiff admitted that the defendant or his agent had settled or liquidated the indebtedness, or the greater portion thereof, is admissible under the general issue.

If evidence has been offered and received on a former trial, the plaintiff can not urge that he is taken by surprise if it be offered again. Nor can the defendant urge such objection in case the plaintiff has offered evidence which has been received on the former trial. The rule applies with equal force to both plaintiff and defendant.

APPEAL from the Eleventh Judicial District Court, parish of Jackson. *J. F. Pierson*, attorney at law, Judge *ad hoc. J. & J. W. Young*, for plaintiff and appellee. *J. E. Hamlette, John Ray* and *Kidd & Smith*, for defendant and appellant.

This case was tried by a jury in the court below.

LUDELING, C. J. This case was before us in 1869, and we then remanded it because we thought the evidence in support of the claim against an estate unsatisfactory, when taken in connection with the evidence of the defendant, tending to show that plaintiff had admitted that the balance due him was about $1500.

On the second trial the defendant offered J. Y. Allen to prove that shortly before the death of Cage, plaintiff, who had come to see Cage to have a settlement, said that Cage had had ninety-eight bales of cotton belonging to plaintiff; that Cage had sold it for about $10,000, and that *that* would make "them very near even, possibly

lacking $1000." And defendant also offered C. W. Allen to prove that soon after the death of Cage, Rabun, when speaking of the situation of the pecuniary relations existing between himself and Cage, stated deceased and he were about even. This testimony was objected to on the ground "that it was irrelevant, illegal and for the purpose of establishing a fact not alleged in the pleadings, and also for the purpose of impeaching the testimony of Hodge Rabun without having laid a basis therefor." The objection was sustained on the ground that "the evidence tended to prove extinguishment [of the obli- ations] without pleading it," and the defendant took a bill of exceptions.

The answer was a general denial and a plea in reconvention.

The suit is for an account on the part of Cage as agent for Rabun, and for money loaned him. The testimony tended to show that plaintiff had admitted that the agent had accounted for or liquidated the claims for money received for the cotton and loans, except a com- paratively small portion thereof, and it should have been received. Evidence of the same declarations had been received on the former trial, and therefore the plaintiff could not pretend to be taken by surprise.

The evidence offered by the plaintiff to prove that Cage had sold cotton belonging to plaintiff, and that he had not accounted for it, was objected to on the ground that the allegations of the petition did not justify the proof that they sued for the price of the cotton sold to Cage, and not for an account.

The rule is elementary that the proof must correspond to the allega- tions. And it can not be denied that the pleadings in this case are inartistic. But one of the most valuable features of our system of jurisprudence is the simplicity with which parties are permitted to bring their rights before the tribunals of justice. The technicalities which in other countries embarrass and obstruct the progress of justice are unknown to it. All it requires is that each party shall so state his grounds of attack or defense that the adversary shall not be taken unawares, and that the judgment which may be rendered will enable him, for or against whom it has been given, to protect himself by the plea res judicata. These are the only objects to be obtained by pleading.

It is manifest that the defendant could not have been surprised by the evidence which had been received on a former trial, and it is evi- dent a judgment in the case would be a bar to any other action for an account for the proceeds of the cotton. 5 An. 531; Frierson v. Erwin, 10 An. 528; 12 An. 795, Lowry v. McCoy.

As we can not weigh the evidence of J. Y. Allen and C. W. Allen, which is not before us, we are constrained to remand this case again.

It is therefore ordered that this case be remanded to the lower court · to be tried anew, in conformity to the views herein expressed, and that the plaintiff and appellee pay costs of this appeal.