### No. 10,989

### Orleans

## ANDRY & FEITEL v. SOUTHLAND DEVELOPMENT CO., INC., ET AL.

(November 26, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

Thos. E. Furlow, of New Orleans, attorney for plaintiff, appellant.

Jos. A. Casey, of New Orleans, attorney for defendant, appellee.

C. A. Latham, of New Orleans, attorney for Southland Development Co., Inc., appellee.

WESTERFIELD, J. Plaintiff, an architectural firm, furnished plans and specifi-

cations and rendered professional services to a corporation styled, Mattison, Kahn & Winsberg, Inc. For their services, a note of the corporation was given endorsed by Mattison and Winsberg, officers and stockholders. The note was not paid and this suit followed. It was alleged that the Southland Development Company, Inc., had assumed all the obligations of the Mattison, Kahn & Winsberg Corporation and judgment was asked against that corporation and against the endorsers of the note, Mattison and Winsberg. Winsberg was not cited and the court below found that the alleged assumption of the obligation by the Southland Development Co., Inc., had not been established, and, accordingly, rendered judgment against the defendant, Edward Mattison, in the sum of $1,200.00, with interest, etc., as prayed for in plaintiff's petition. Mattison has appealed.

It is the contention of defendant, as presented to this court, that the failure of plaintiff to sue the Mattison, Kahn & Winsberg, Inc., the original maker of the note, constituted an abandonment of its claim against that corporation, the principal obligor, which abandonment it is alleged, resulted in the discharge of the endorsers of the note as parties secondarily liable. In support of this defense we are referred to Section 120 of Act 64 of 1904 (Negotiable Instrument Act), reading as follows:

"A person secondarily liable under the instrument is discharged by the release of the principal debtor unless the holders' right to recover against the parties secondarily liable is expressly reserved."

Answering this contention, plaintiff says:

(A) "That a discharge by novation or payment must be specially pleaded.
(B) "There cannot be release of the principal debtor by the acceptance of a new debtor unless the discharge of the old debtor is expressly agreed to, and

(C) "A release of the maker of a note will not discharge the endorser where the rights of holder against the endorser are expressly reserved."

The answer of the defendant, Mattison, is in effect a general denial. We are of the opinion that the defense relied upon cannot be considered, for the reason that it is not specially pleaded.

"Every means of defense, such as payment, release, etc., which tends to the extinguishment of an obligation admitted or proved to have once existed, must be specially pleaded and cannot be urged under the general issue."

Templeman Bros. Lumber Co. vs. Sinnot, 9 Orl. App. 305.

For the reasons assigned, the judgment appealed from is affirmed.