WEIL v. WEIL

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(June 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

L. J. Lautenschlaeger, of New Orleans, attorney for plaintiff, appellee.

Weiss, Yarutt & Stich, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Defendant, sued on a promissory note in the sum of $600, after admitting his signature, made the following defense:

"That plaintiff is his uncle; that some time ago he gave plaintiff the promissory note described herein; that at its maturity defendant offered to pay same, but plaintiff stated that it was not necessary for him to pay the same as he, plaintiff, had decided to make defendant a manual gift of said promissory note, whereupon the said plaintiff handed the said note to defendant, and shortly after, upon the suggestion by plaintiff that defendant permit plaintiff to keep the custody of said note for defendant, defendant returned the same to plaintiff to hold for him; that since the donation of said note to defendant as aforesaid, plaintiff has never once demanded payment, never pretended to have any claim against defendant, and in fact always informed defendant that the note had been destroyed by him because there was no reason for keeping it, inasmuch as he had made defendant a donation of it."

On the trial of the case defendant attempted to prove, by oral evidence, that the note sued on had been the subject of a manual gift and, upon objection of opposing counsel, to the effect that such donations could only be made by authentic act, the evidence was excluded; whereupon the counsel for defendant noted an exception to the ruling of the court, giving as his reason for the admissibility of the evidence that "between the maker and the payee it can be done without a notarial act." His evidence being excluded, defendant failed to sustain the averments of his answer and judgment followed in favor of plaintiff as prayed for. Defendant has appealed.

Civil Code, art. 1536, reads as follows:

"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."

In the Succession of De Pouilly, 22 La. Ann. 97, it was held that a donation inter vivos of a promissory note must be passed before a notary public and two witnesses, under penalty of nullity. The De Pouilly case, which was decided in 1870, has never been overruled, and, though there is a statement in the brief to the effect that its authority has been affected by Act 64 of 1904 (Negotiable Instrument Law), counsel, in arguing on this point, was frank enough to concede its weakness.

But it is contended in this court that, if the defense, to the effect that the note sued on was the subject of a manual gift, must fail for want of authority, defendant is nevertheless absolved from responsibility, because "since the plaintiff was the payee, and defendant the maker, surrender by manual gift by the former to the latter constituted a remission of the debt under article 2201, R. C. C., and Hicks vs. Hicks, 145 La. 466, 82 So. 415, the latter holding that the surrender of notes by a creditor to his debtor operates as a remission of the debt under article 2201 and no formality is required." Plaintiff's counsel objects to the consideration of this latter defense upon the ground that it was not set up in the answer and not argued below. In reply to this objection it is said that, though no reference is made in the answer to remission eo nomine, nevertheless, the facts essential to support such plea have been averred and that he is under no obligation to plead conclusions of law that are to be drawn from the facts as set up. La. Digest, vol. 6, verbo Pleading, p. 2.

There is no doubt in our mind that the defense of remission of the debt has not been pleaded, nor, so far as the record indicates, mentioned below. The purpose of

the testimony which was excluded and the reason for reserving a bill, as given by counsel himself, was to substantiate the averments of the answer to the effect that the promissory note sued on had been the subject of a manual gift. We do not believe that defendant is entitled to be heard in this court for the first time to urge the defense of remission. The object of pleading is to put the other party on his guard. Rabun vs. Cage, 23 La. Ann. 675. The pleadings should be so drawn as to advise the parties of the issue and enable them to introduce such evidence as may be available in support of their respective contentions as developed by the pleadings. Western Assur. Co. vs. Uhlhorn, 41 La. Ann. 385, 6 So. 485. In the case of Shalley vs. N. O. Public Service, Inc., et al., 159 La. 519, 105 So. 606, a case in which the defendant Sewerage & Water Board raised for the first time, in the application to the Supreme Court for review of an opinion of this court, the defense to the effect that it was not liable for tort growing out of the negligence of its employees, such liability, if any, being in the city of New Orleans, the court held that it would not consider that defense because raised too late, the only defense made in the lower court (1 La. App. 770) being the want of negligence on the part of the Board.

It is true that a pleader need not allege conclusions of law, but special defenses must be specially pleaded. The evidence, when offered for the declared purpose of proving a manual gift, was inadmissible. Whether it would sustain a defense of remission is beside the question, as that issue was not tendered. Even if the evidence had been admitted without objection, we question its effect under the circumstances.

"It is true that, if evidence be offered without objection in support of a defense which should be specially pleaded the issue thus presented must be considered and passed upon. But it does not follow that one should be called upon to meet an issue that was not raised on the trial at all. No one can defend himself unless he is informed in some manner of the charges which his adversary, makes against him. Nor should any appellate court be called to decide questions that were not raised in the court below. If the judge a quo has correctly decided the issues that were presented to him, his judgment should be affirmed." Theodore vs. N. O. Mutual Insurance Association, 28 La. Ann. 917.

In Jackson vs. Michie, 33 La. Ann. 723, it was held that "an issue which was not raised in the lower Court and is made for the first time in the brief of Counsel in this Court, shall not be noticed or passed upon."

"This court will not pass on issues presented in argument only, and which were not formed by the pleadings below. "* * * The opponent has advanced in argument, which might have offered some seriousness, in reference to the absence of a previous liquidation of the rights of the issue of the first marriage as a condition precedent for recovery, but, as those matters have not been put at issue by the pleadings, they cannot be considered." Succession of J. B. Rhodes, 39 La. Ann. 473, 2 So. 36.

For the reasons assigned, the judgment appealed from is affirmed.