It cause No. 7099 on the docket of the Twenty-Sixth District Court of Webster Parish, Louisiana, the Dealers Finance Company, Inc., obtained a monied judgment against Mrs. Florence Norton, a non-resident of this state, and thereunder caused the seizure and sale of her undivided interest in a certain tract of land located in Webster Parish, Louisiana. The judgment creditor became the adjudicatee of the property.
Later this suit was instituted by the said Mrs. Norton, who at such time carried the name of Mrs. Florence Norton Barnard, against the Dealers Finance Company, Inc. In the petition she attacked the proceedings and judgment in cause No. 7099 on a number of grounds. Defendant filed an answer resisting the attack, and coupled with it a reconventional demand.
The district court, following a trial of the case, rendered judgment in favor of plaintiff, Mrs. Florence Norton Barnard, decreeing to be null and void and of no effect the proceedings, judgment, and sale in the former suit and the sheriff's deed executed as a result thereof. The reconventional demand of defendant was sustained to the extent of $61.05, representing taxes assertedly paid by it, and plaintiff was ordered to pay that amount before taking possession of the property.
Plaintiff is appealing only from that portion of the judgment which sustained in part the reconventional demand. Defendant has neither appealed nor filed answer to plaintiff's appeal; hence, the main demand is not before us for consideration.
Counsel for plaintiff urges, as his brief discloses, that "judgment should never have been rendered in reconvention for the amount of the taxes paid, for the reason the amount of taxes paid by the defendant was not specifically itemized and set forth in the answer." This contention, we think, is well founded.
Defendant merely alleged, with respect to the tax item, that it should have and recover a personal judgment against Mrs. Barnard for "all taxes as have been paid by plaintiff in reconvention to be shown on trial." It averred neither the date of payment nor the amount paid. When the case was tried, timely objection was made by plaintiff to defendant's introduction of any proof of their payment on the ground of insufficiency of allegations.
It is well settled that a plea of compensation, off set, or a reconventional demand must be set forth with certainty as to amounts, dates and items, and where such is not done, as in this case, evidence in support of the claim is inadmissible when timely objection is urged. Ceromi v. Harris, 187 La. 701,175 So. 462; Bloomenstiel v. McKeithen et al., 19 La.App. 513, 139 So. 519; Busby v. Childress, La.App., 187 So. 104. Furthermore, a non-suit of the claim, under such circumstances, must be entered. Ceromi v. Harris, supra.
Accordingly, that part of the judgment from which this appeal is prosecuted is reversed and set aside, and defendant's reconventional demand respecting the payment of taxes is now ordered dismissed as in case of non-suit. Defendant is cast for the costs of this appeal.
DREW and TALIAFERRO, JJ., concur. *Page 269