McCALEB, Justice.
This is an action to recover the balance due of $10,000, plus interest and attorney’s fee's, on a promissory note for the principal amount of $25,000, executed by defendants on April 20, 1950, payable on or before one year after date, bearing 4% per annum interest from maturity and providing for 10% additional on both principal and interest as attorney’s fees.
In their answer, defendants admitted the execution of the note but denied generally any liability thereon, averring that plaintiffs were not the holders thereof for value received. In addition, defendants reconvened for $15,000, plus interest, this being the ampunt paid by them on the note on May 7, 1951, and also, alternatively, claimed a credit of $3,688.02 for costs incurred by them in certain constructipn work allegedly having connection with the giving of the note.
After a trial, the judge found for plaintiffs on the main demand and rejected defendants’ reconventional demand, having sustained plaintiffs’ objection to any evidence on the reconventional demand on the ground that it did not set forth a cause of action.[1]. Defendants have appealed from the adverse judgment.
*555 It appears from the record that, on June 7, 1949, plaintiffs sold certain property located in Baton Rouge, adjacent to Louisiana State University, to Jamar Adcock, the deed evidencing a cash consideration of $35,000. Actually, no cash changed hands— instead, plaintiffs accepted Adcock’s unsecured note for $35,000. The reason for this was that Adcock proposed to build a government housing project on the property and it was necessary that it be kept clear of all encumbrances. Approximately one year later, upon the entreaties of Adcock, who was unable to obtain a sufficient appraisal of the property to warrant the payment of the price agreed upon, plaintiffs reduced the obligation from $35,000 to $25,000.
Shortly after the reduction, according to plaintiffs’ testimony, defendants offered to substitute their note of $25,000 for Adcock’s note, explaining that they were taking over the project which had been commenced by Adcock. Plaintiffs acceded to this arrangement whereupon, on April 20, 1950, defendants executed the promissory note herein sued on and Adcock’s note was then destroyed.
The note was placed in the hands of the' Louisiana National Bank for collection and, on May 7, 1951, defendants made thereon a $15,000 payment which was credited on the note itself. This suit resulted from defendants’ refusal to pay the $10,000 balance.
 Since defendants pleaded no special defenses in their answer, merely denying indebtedness and that plaintiffs were the holders for value of the note, there can be no doubt of the correctness of the judge’s, ruling on the main demand for, although they attempted to submit evidence allegedly to show a failure of consideration, such evidence was clearly inadmissible as lack or failure of consideration is an affirmative defense which must be specially pleaded. Mirandona Bros. v. Danos, La.App., 56 So.2d 159; Andry & Feitel v. Southland Development Co., 9 La.App. 630, 121 So. 687; Weil v. Weil, 13 La.App. 8, 126 So. 742; Coleman v. Universal Life Ins. Co., La.App., 157 So. 411 and Succession of Giordano, 194 La. 648, 194 So. 577. Indeed, defendants concede that the only issue on this appeal is whether the judge erred in refusing to permit them to introduce testimony on their reconventional demand in which they claim a refund of the $15,000 heretofore paid by them on the theory that there has been a failure of consideration.
The pertinent allegations of the re-conventional demand are that the note was executed in connection with a contract to buy, sell and indemnify, entered into between defendants and third persons, viz., William E. Chaney, Oliver R. Chaney and *557 James A. Rockhold, whereby defendants were to receive 100 shares of common ¡stock and 250 shares of second preferred stock of College View Apartments, Inc.[2] It is alleged that said stock was never de-, livered and that, therefore, defendants are entitled to the $15,000 paid by them on the note. The only mention made of plaintiffs in the reconventional demand is an allegation to the effect that plaintiffs must have, been aware of all the facts since the law firm of which one of the plaintiffs is a member prepared the contract pleaded by •defendants.
The judge was correct in sustaining the objection to the evidence and in holding that the reconventional demand did not state a cause of action against plaintiffs. It is difficult to perceive how the failure of the third persons mentioned in the reconventional demand to comply with their obligation to deliver stock could possibly operate as a failure of consideration, of the. note defendants executed insofar as plaintiffs are concerned. To begin with, it cannot be denied that the promissory note originally given to plaintiffs was in payment, of the purchase price of a tract of land. Since there was consideration for that note which has not failed, there was good and sufficient consideration for the execution by defendants, of the new note to replace the old one and it matters not whether defendants received value for the execution of the note or whether they did it purely for purposes of accommodation and, if for the latter, whether plaintiffs knew that defendants received nothing of value for executing it. See R.S. 7:29; First State Bank v. Davis, 139 La. 723, 72 So. 185 and William D. Seymour & Co. v. Castell, 160 La. 371, 107 So. 143.
It appears to us that defendants’ remedy is against the third parties whom they allege breached the contract referred to in their reconventional' demand. In truth, they are not asserting that, the plaintiffs did not give consideration for the note sued on. Rather, they are pleading that the consideration which they were to receive for- signing the note has failed. ■ This is unavailing against plaintiffs.
The judgment is affirmed.
FOURNET, C. J., absent.

. This was correct procedure. It is well established that, since we do not have replications in Louisiana, the áppropriate method of assailing a cause of. action alleged in a reconventional demand is by objecting to any evidence in support of it. Ceromi v. Harris, 187 La. 701, 175 So. 462; Barnard v. Dealers Finance Co., La.App., 9 So.2d 263 and Myers v. Maricelli, La.App., 50 So.2d 312.

. Apparently, College View Apartments, Inc., was a corporation organized to take over the Federal Housing Project which had been inaugurated by Jamar Adcock on the land sold to him by plaintiffs for which the first promissory note was given in payment.