134 So.2d 652 (1961)
James R. PERTUIT
v.
Harold WEINBERG, Peter Fountain, Joseph C. Rotis, Conrad R. Jones, III, Howard B. Franks, John F. Edwards, Jr. and Roy Zimmerman.
No. 122.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1961.
Rehearing Denied December 4, 1961.
Certiorari Denied January 15, 1962.
*653 James R. Pertuit, in pro. per., George C. Ehmig, New Orleans, for plaintiff-appellant.
Anthony J. Vesich, Jr., and Frank J. D'Amico, New Orleans, for defendants-appellees.
Before McBRIDE, REGAN and YARRUT, JJ.
YARRUT, Judge.
This appeal is taken from a judgment denying plaintiff recovery on a promissory note for $3,000.
Defendants admitted their signatures, but denied liability, contending there was a failure of consideration. As the basis and proof of this defense the record shows, that in May 1954, as a band of itinerant musicians, they were engaged by plaintiff (at $600 per week), to play at plaintiff's establishment (a night club), known as "Club Basin Street" in Jefferson Parish; that, as plaintiff's operation was unprofitable, he requested defendants to take over the operation, informing them that he would transfer the Club under an arrangement whereby they, if unable to maintain a profit, would be free to leave without any obligation to him; that, at the time of the signing, plaintiff confirmed their understanding that they would not be liable on the note if the business proved unprofitable. Defendants took over the Club, which failed, and was closed after three months' operation. Having admitted their signatures and urging this special defense, the onus of proof was on defendants. Kiser v. Garnier, 230 La. 552, 89 So.2d 119.
Plaintiff, a practicing attorney, decided to give up the Club, in the operation of which for only two months in 1954, he suffered a loss of nearly $5,000. He testified he could not handle both his law practice and the Club.
Plaintiff admitted a written agreement of sale was executed with the signing of the note, but could not produce the original or a copy thereof; nor could defendants.
While some of the defendants were not too sure about the basis of the transaction, those who handled the matter for account of all, testified consistently and positively that they wanted an attorney to represent them, but plaintiff insisted that he was an attorney, and that it was not necessary that their attorney be present, because the note meant nothing, since it was given only to protect plaintiff's wife in case of his death; and that they would not have to pay if their operation was not profitable.
In addition to the note herein, defendants gave plaintiff a note for $1,183, which was promptly paid. Why two notes were given, one for $1,183 and one for $3,000, instead of one note for $4,183, has not been explained. In view of the fact that there was included in the sale various equipment, refrigerator, tables, chairs, and stock of liquor, upon which only a small part of the purchase price had been paid by plaintiff, the conjecture is that the first note was in payment of plaintiff's equity in the equipment and liquor stock, and the other note was for the transfer of the questionable good-will of the business. There was no value to plaintiff's lease because it was on a month-to-month basis. Defendants obtained a lease in their names on the same basis.
When defendants failed in the operation and abandoned the Club, they took nothing with them, all the equipment having been re-possessed by the sellers for the unpaid balances due by plaintiff on his original purchase.
*654 Parol evidence was properly admitted by the District Judge because the written agreement of sale, with which the note was connected, could not be produced. Parol evidence is admissible to prove the contents of a lost or destroyed written instrument. LSA-C.C. Art. 2279.
Parol evidence is always admissible to prove the special defenses of failure of consideration, between the original parties to a promissory note, or one who is not a holder for value and in due course. LSA-R.S. 7:28. Lyons v. Goodman, La.App., 78 So.2d 424.
Parol evidence is likewise admissible to prove that the payment was conditioned upon available funds from a stipulated source. Goldsmith v. Parsons, 182 La. 122, 161 So. 175.
We are impressed with the soundness of defendants' defense that they were not to pay the note if the operation of the defunct night club was unprofitable. Plaintiff testified that he had arranged to have two men manage the Club for him on a percentage basis, one representing him and the other representing defendants, but when plaintiff's man left town and defendants' representative was confined to a hospital with a heart attack, he decided to make the deal with defendants.
Perhaps it was the abandoned percentage-of-profits arrangement, coupled with the final agreement of "no profitsno pay," that induced defendants (all lay musicians) to think they were in partnership with plaintiff.
While the Trial Judge gave no formal written reasons, at the conclusion of the trial he commented there was "no consideration for the $3000 note"; and during the course of his examination of plaintiff, while plaintiff was testifying in his own behalf, the Judge remarked to plaintiff:
"I don't mind telling you my impression of your case, so you may understand how I feel. First of all, you were a lawyer and dealing with people who were not lawyers, and you tell me there was a prepared act of sale passed and yet the prepared act of sale is suddenlyor it is not available; you have two notes, one for either $900.00 or $1100.00, which was paid, and another 3000 dollar note, which was not paid. The defense in this suit was no consideration for the 3000 dollar note. From what I have been able to obtain or learn at this time the only consideration for the note was a broken down business which was losing money and which had practically no assets. Now, that is the impression that I have up to this time."
The Judge further commented to plaintiff, while on the stand, after plaintiff had testified he decided to sell the business to defendants and take his chances on collecting the money, rather than close the business and sacrifice his equity, as follows:
"So that you gambled your chances of the place making money instead of selling your small amount of merchandise and your small interest in there?"
Plaintiff stresses that the Trial Judge found there was "no consideration," instead of "a failure of consideration." The defense was "failure of consideration," and the Trial Judge's inadvertent characterization of the defense as one of "no consideration" cannot change the pleadings and evidence. If one gives a note, the payment of which is dependent upon the success of a business, which fails through no fault of the debtor; there is a failure of consideration, or the failure of a suspensive condition under LSA-Civil Code Art. 2021.
From the overall picture disclosed by the testimony, we are satisfied with the defense that the note was to be paid only if defendants operated the Club profitably, *655 and that the burden of Defendants to prove their special defense of failure of consideration, was sustained.
For the reasons assigned, the judgment of the District Court is affirmed, costs in both courts to be borne by plaintiff-appellant.
Affirmed.