LANDRY, Judge.
Plaintiff, A. E. Price, instituted this action against defendant, Dewey L. Lanoue, on a promissory note in the sum of $450.00, dated October 21, 1963, payable to plaintiff’s order in monthly installments in the sum of $35.00 commencing December 1, 1963, stipulating to bear interest at the rate of 6% per annum from date, until paid, and containing an acceleration clause providing for maturity of all unpaid installments in the event of defendant’s failure to timely pay any one installment due thereon. The trial court rendered judgment in favor of plaintiff as prayed for and defendant has ¡appealed.
The defense urged herein is basically that there was no consideration for the note given plaintiff. Incidentally defendant maintains the trial court erred in failing to find that the burden of proof shifted from defendant to plaintiff as will hereinafter appear and also that the trial court erred in declining to hold the note was void because it was signed by defendant in blank and subsequently filled out contrary to the agreement between the parties.
By act of sale with assumption of mortgage dated March 13, 1962, plaintiff sold defendant a house and lot situated in Baker, Louisiana, pursuant to which defendant undertook payment of the balance due on a first mortgage outstanding against the property and held by Baton Rouge Savings & Loan Association, payable in monthly installments of $90.00. Concurrently therewith, defendant executed a note in favor of plaintiff in the sum of $800.00 and secured same by a second mortgage on the premises, presumably in payment of plaintiff’s equity in the property conveyed. Within a short time thereafter, appellant became delinquent in his payments to the Savings & Loan Association. By September, 1963, defendant was in arrears on the first mortgage to the extent of five monthly installments or an aggregate of $450.00, and nothing had been paid on the $800.00 second mortgage note which was payable in monthly installments of $35.00 commencing April 15, 1962.
In substance defendant alleges that in October, 1963, when the building and loan association was demanding its mortgage be brought current, he, defendant, was unable to raise the needed sum of $450.00. By agreement with plaintiff, through plaintiff’s attorney, it was arranged that plaintiff would advance the required $450.00 in return for which defendant would execute a note to plaintiff for $450.00 and concurrently sign a retransfer of the property to be held by plaintiff but not filed of record. As we understand defendant’s testimony which is not entirely clear, the mentioned! procedure was designed to permit retention of record ownership by defendant of the *480 premises conveyed in consideration for which defendant executed the $450.00 note which it was understood he would pay “when he could” or “when he got hack on his feet.” According to defendant, the note herein sued upon was executed in blank in the office of plaintiff’s attorney and was later filled in without his knowledge or consent. Predicated upon these alleged circumstances defendant maintains the note is void for want of consideration in that the note was conditional and the prerequisites ' agreed upon have not occurred. Defendant also maintains this showing of a conditional obligation shifts the burden of proof to plaintiff to prove consideration, in support of which propositions counsel for defendant cites and relies upon Pertuit v. Weinberg, La.App., 134 So.2d 652 and Allied Building Credits, Inc. v. Peirce, La.App., 79 So.2d 403. Defendant also raises the incidental issue that failure of plaintiff to produce as a witness the attorney who represented plaintiff in the transaction raises the presumption said party’s testimony would be unfavorable to petitioner.
We have read both the Pertuit and Peirce cases, supra, and find that they stand merely for the proposition that payment of a negotiable note may be resisted upon the ground it was without consideration in that its efficacy was contingent upon an event which has not transpired. With this general pronouncement of law we are, of course, in accord. Wé do not find, however, that the cited authorities establish the rule that the burden of proof as regards consideration is shifted from the maker to the holder by the maker advancing the defense of an unfulfilled condition precedent. On the contrary, the Pertuit case expressly recognizes that where the maker admits his signature and sets up a special defense to a suit on a negotiable promissory note, the onus of proof rests upon the defendant. See also Kizer v. Garnier, 230 La. 552, 89 So.2d 119. We. hold, therefore, it was incumbent upon defendant to establish the special defense of want' of consideration.
Plaintiff and defendant were the only witnesses who testified at the trial of this cause. Defendant’s version of the attending circumstances has already been set forth herein.
The issue to be resolved is purely one of fact.
Plaintiff’s testimony is to the effect that when defendant became five months in arrears on the first mortgage it was obvious defendant could not bring the account current and it thus became necessary for plaintiff to set matters straight with the first mortgage holder to avoid foreclosure. According to plaintiff, negotiations were held between plaintiff, defendant, plaintiff’s attorney and a representative of the building and loan association. Plaintiff further testified that at a meeting between plaintiff, defendant and a Mr. Stander, who represented the holder of the first mortgage, it was agreed the property would’ be recon-veyed to plaintiff who would pay the ar-rearage on the first mortgage, cancel his second mortgage for $800.00 and accept defendant’s note for the $450.00' plaintiff was required to pay to satisfy the prime mortgagee. Plaintiff also stated that, the details of the settlement were left to his attorney who prepared the necessary papers, including the disputed note, for $450.00, which was executed in the attorney’s office out of plaintiff’s presence. In essence plaintiff testified the note for $450.00 executed by defendant was in payment of the delinquency which occurred during defendant’s occupancy of the premises and for which defendant was primarily liable. Plaintiff denied any agreement to make the note in question conditioned upon defendant’s ability to pay and also denied the note was signed in blank as contended by appel.lant.
As was our learned, colleague below, we are not impressed with defendant’s testimony the note was by mutual understanding given subject to a suspensive condition. The note itself appears in evidence and is complete on its face. Its recitations give *481 no indication of a condition precedent to its efficacy. Defendant’s account of the circumstances leads to the conclusion plaintiff’s attorney prepared and accepted on plaintiff’s behalf a promissory note void because of lack of a certain maturity date.
Defendant readily concedes his default on the building and loan association mortgage as well as on the second mortgage given plaintiff at the time of transfer. He also acknowledges the amount in arrears on the first mortgage was $450.00, the exact amount of the note herein sued upon. It is clear that the payment by plaintiff benefited defendant in that it avoided foreclosure proceedings upon defendant’s property and the expense attendant thereto. We believe it only reasonable that plaintiff would require evidence of defendant’s resulting obligation inasmuch as defendant was the sole party who benefited by his occupancy of the premises during the five month period in which he paid nothing whatsoever on either of the two mortgages outstanding against the property. In this regard, it further appears that after rec-ordation of the reconveyance to plaintiff, defendant remained on the premises an additional period of two or three months, at plaintiff's sufferance without paying any rent or other ' consideration for such privilege, and then vacated the property.
We conclude defendant has failed to establish the defense of want of consideration.
 Appellant’s contention that plaintiff's failure to call his attorney as a witness should be construed unfavorably against plaintiff is patently without merit. Firstly, it is well settled that the rule may only be invoked against the litigant who bears the burden of proof with respect to the matter concerning which the witness would testify. Muhleisen v. Eberhardt, La.App., 21 So.2d 235. In the case at bar, appellant carried the burden of proving want of consideration. Moreover, it is equally well settled that the unfavorable presumption rule is without application where the witness is equally available to all parties. In the instant case, nothing in the record indicates that either the attorney or for that matter Mr. Stander likewise were not equally as available to summons by defendant as well as plaintiff. Accordingly, the rule sought to be invoked by defendant is without application herein. Manning v. Morrison Cafeterias Consolidated, Inc., La. App., 160 So.2d 818; Chapman v. Travelers Indemnity Co., La.App., 45 So.2d 557.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.
LEAR, J., recused.